Ezzat E. MAJD POUR, Appellant,

v.

BASIC AMERICAN MEDICAL, INC., Appellee.

No. 49A04–8702–CV–54.

Court of Appeals of Indiana, Fourth District.

Aug. 31, 1987.

John M. Heeter P.C., Indianapolis, for appellant.

David W. Mernitz, Patricia Seasor Bailey, Stark Doninger Mernitz & Smith, Indianapolis, for appellee.

MILLER, Presiding Judge.

In January of 1983, Dr. Ezzat Majd Pour, an Indianapolis physician, moved to Georgiana, Alabama and began working for Basic American Medical, Inc. (American). Three months later, on April 30, American terminated Majd Pour's employment. More than 2 years later, on November 8, 1985, Majd Pour filed suit against American in the Marion County Superior Court.[1] American moved to dismiss the action under Ind.Rules of Procedure, Trial Rule 12(B)(6) for failure to state a claim because the action had been filed beyond the two year period allowed for oral employment contracts under the statute of limitations. The trial court dismissed the action, and Majd Pour appealed. On August 6, 1986, this court dismissed that appeal because a final judgment had not been entered by the trial court. After the trial court entered a judgment of dismissal with prejudice on

December 8, 1986, Majd Pour perfected this appeal and we, finding error, reverse.

## FACTS

Because this action was dismissed under T.R. 12(B)(6) for failure to state a claim, we must treat all allegations of the complaint as true. *Thiele v. Department of Highways* (1985), Ind.App., 472 N.E.2d 1274. We therefore adopt the facts as set forth in Majd Pour's complaint.

Majd Pour alleged that he entered into an employment contract with American in 1983. As part of his complaint, Majd Pour included a writing addressed to him and signed by Joe L. Scott, a senior vice president of American. Majd Pour alleged this letter set forth the terms of the contract as follows:

"December 23, 1982
Ezzat E. Majd Pour, M.D.
8460 North Central Avenue
Indianapolis, IN 46240
Dear Dr. Majd,

We were most pleased to hear you had passed the oral medical licensure examinations in the state of Alabama and will soon be opening your practice in Georgiana, Alabama.

Pursuant to an earlier conversation, our participation in helping you establish your medical practice will be as follows:

1) Your starting date in Georgiana, Alabama will be January 5, 1983.

2) Basic American Medical, Inc. guarantees you seven thousand ($7,000.00) dollars per month for the first year beginning January 5, 1983. During the first year, we will keep all collected office charges generated by you until such time as we have collected a total of eighty four ($84,000.00) thousand dollars. All collected charges above eighty four ($84,000.00) will be yours as additional income.

---

1. This was the third suit Majd Pour filed in connection with his termination. He first filed suit in the Federal District Court for the Middle District of Alabama. The suit was dismissed for lack of jurisdiction. On appeal, the Eleventh Circuit affirmed the trial court decision in part, reversed in part, and remanded the action. *Majd-Pour v. Georgiana Community Hospital*

(11th Cir.1984), 724 F.2d 901. The trial court again dismissed the action, but gave Majd Pour leave to amend his complaint. He failed to do so. While the federal proceedings were in progress, Majd Pour filed suit in an Alabama state court. He apparently never took any action in the state case, and it was dismissed for failure to prosecute.

3) Basic American Medical, Inc. will be responsible for moving you to Georgiana. We will pay the lowest estimate of the three already submitted by you.

4) Office space will be furnished to you, at no cost, for one (1) year from January 5, 1983.

5) Office personnel will be furnished to you for twelve months, at no cost, beginning January 5, 1983.

6) Office equipment will be furnished to you at no cost on an indefinite basis. Additional equipment will only be purchased by mutual agreement of you and the hospital administrator.

Since it took sometime to be sure you would be able to set up your practice in Georgiana, we have not gotten all the equipment you requested at the hospital, however, we will begin to get the remainder in as quickly as possible.

Again, we are pleased you will soon be practicing medicine in Georgiana and look forward to a long relationship with you. Please let me know if there is anything else we can help you with to make your move as smooth as possible.

Sincerely,

Joe L. Scott

Senior Vice President"

Majd Pour further alleges he accepted this contract of employment by moving to Georgiana, Alabama and setting up a medical practice. Finally, Majd Pour alleges American breached the contract by terminating him prior to its expiration.

## DECISION

Majd Pour brings two issues for our review. Because we reverse we need only address the first of these issues, which is the question of whether the trial court erred in finding the two year statute of limitations which governs oral employment contracts applied in this case.[2] We find the trial court did err, and we reverse.

When we review an involuntary dismissal under T.R. 12(B)(6) we must view the facts presented in the complaint as true, and, in order to affirm, we must find that the plaintiff could be granted relief under no set of facts. *Thiele v. Department of Highways* (1985), Ind.App., 472 N.E.2d 1274. We will draw every inference in favor of the plaintiff. *Williams v. State* (1983), Ind.App., 444 N.E.2d 888. We seek to determine whether the complaint has stated any set of allegations, no matter how inartfully drafted, upon which relief may be granted, and, if there are allegations which will support a claim for relief, we will not affirm the grant of a dismissal. *Cochran v. Hallagan* (1980), Ind.App., 409 N.E.2d 701.

In certain instances, this standard is easily met. Where a defect is manifest, such as when it is apparent on the face of the complaint that the action has been filed after the running of the statute of limitations, we will affirm dismissal of the action. *Monsanto Co. v. Miller* (1983), Ind.App., 455 N.E.2d 392.

The complaint reads as follows:

"1. That on or about the 23 (sic) day of December, 1982, the defendant extended to the plaintiff an offer, a copy of which is attached hereto and made a part hereof, and denominated Exhibit A.

2. That said offer was modified by the parties as shown in pencil under the date of January 5, 1983, changing its duration from four months to twelve months as shown on Exhibit A, attached, for office personnel.

---

**2.** The statute of limitations for oral employment contracts is set forth in IND.CODE 34–1–2–1.5, which provides:

"Sec. 1.5. All actions relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) shall be brought within two (2) years of the date of the act or omission complained of."

The statute of limitations for written contracts is set forth in I.C. 34–1–2–2, which reads, in relevant part:

"The following actions shall be commenced within the periods herein prescribed after the cause of action has accrued, and not afterwards:

\* \* \* \* \* \*

(6) Upon contracts in writing other than those for the payment of money ... within ten [10] years."

3. That said offer as modified was accepted by the plaintiff on January 5, 1983.

4. That the plaintiff moved from Indianapolis, Indiana to Georgiana, Alabama, and performed all by him to be performed under and pursuant to said contract.

5. That on or about April 20, 1983, the defendant breached said contract and terminated plaintiff's employment under and pursuant thereto."

Record, p. 4.

A copy of the letter from American was incorporated as part of the complaint. Majd Pour's complaint therefore alleged that he accepted a written offer by his action in moving to Georgiana and performing his consideration, and by accepting the written offer in this matter, that he entered into a written contract. We find it is not obvious from the face of the pleadings that the statute of limitations for oral employment contracts should apply.

 American argues dismissal under T.R. 12(B)(6) was appropriate because, in its view, the contract between it and Majd Pour is, at best, partly written and partly oral and should therefore be treated as a parol contract. It is true, of course, that a contract partly written and partly oral is considered a parol contract. *Citizens Progress Co. v. James O. Held Co.* (1982), Ind.App., 438 N.E.2d 1016. American claims there are terms missing from the agreement which must be proven by parol, rendering this contract partly written and partly parol. Additionally, American claims the fact of acceptance must be proven by parol, rendering the contract partly written and partly parol.[3] We do not agree.

 A contract is not rendered partly parol merely because the contract was not accepted in writing. *See* Annot., 3 A.L. R.2d 809 and cases cited therein. A writing which purports to set forth the obligations of the parties will be considered a written contract if one party prepares the writing and the other party acts in a manner which indicates acceptance of the writing,[4] as opposed to merely accepting the writing orally. Our supreme court has stated:

"We are unable to concede the contention that appellant's charter is a contract 'not in writing,' and that there is nothing more in the case than a simple claim for money. It is not essential to a contract in writing that it be signed by both parties. The signature of one, with acceptance by the other of the benefits stipulated, constitutes a written contract."

*Terre Haute & Indianapolis Railroad Co. v. State* (1902), 159 Ind. 438, 475, 65 N.E. 401, 414, *reversed on other grounds sub nom Terre Haute & Indianapolis Railroad Co. v. Indiana ex rel Ketcham* (1904), 194 U.S. 579, 24 S.Ct. 767, 48 L.Ed. 1124; *see also, Leach v. Raines* (1897), 149 Ind. 152, 48 N.E. 858; *Thiebaud v. Union Furniture Co.* (1896), 143 Ind. 340, 42 N.E. 741. The statute of limitations for written contracts governs these transactions. *Terre Haute & Indianapolis Railroad, supra; see, Steinbrenner v. Minot Auto Co.* (1919), 56 Mont. 27, 180 P. 729; *Ferguson v. Parker* (1943), Tex.Civ.App., 176 S.W.2d 768; *see also*, Annot., 3 A.L.R.2d 809, *supra*, at § 8. Thus, the contract was not rendered parol merely because Majd Pour will have to prove acceptance by parol.

 Also, we cannot agree with American's argument that the contract was in-

---

**3.** This is not to say that a writing which is accepted orally is a written contract. Such a contract is partly written and partly parol and is treated as a parol contract. *Marion County v. Shipley* (1881), 77 Ind. 553. We consider only the question of whether a writing may be a written contract even though the acceptance may only be proven by parol evidence.

**4.** American cites *Lewis v. Burke* (1967), 248 Ind. 297, 226 N.E.2d 332 for the proposition that acceptance cannot be proven by parol, but

Americans reliance on *Lewis* is misplaced. *Lewis* considered the question of whether certain extrinsic evidence could be introduced which would have varied the terms of the contract. The court merely observed that admission of oral testimony to vary the terms of a written contract violated the parol evidence rule. *Lewis* has no bearing on the question of whether the necessity of proving acceptance orally renders a contract parol.

complete and additional terms necessarily needed to be proven by parol. An instrument purporting to be a written contract, for statute of limitations purposes, must contain terms which expressly show the undertakings of the *party executing the instrument. Kerby v. Collin County* (1948), Tex.Civ.App., 212 S.W.2d 494; 51 Am.Jur.2d, *Limitation of Actions* § 94. A contract will be held parol where oral testimony is required to establish the existence of the obligation itself, but not where oral testimony is merely required to establish the particular details of the obligation. Annot., 129 A.L.R. 603.

█ The general rule is that, in order to be found valid and enforceable, an employment contract must contain four terms: 1) it must state the place of employment; 2) it must state the period of employment; 3) it must state the nature of the services the employee is to render; and 4) it must state the compensation the employee was to receive. *McMurray v. Bateman* (1965), 221 Ga. 240, 144 S.E.2d 345, 354; 56 C.J.S. *Master and Servant* § 6. The letter from American to Majd Pour contains language which can be construed to set forth each of these terms and, as such, could have embodied the entire agreement between the parties. The letter made clear that the place of employment was to be Georgiana, Alabama. It also stated, in several places, that Majd Pour was guaranteed a salary, office space, and office personnel for a one year period to begin on January 5, 1983. These terms could be construed to set a one year term of employment. The letter further states, "Again, we are pleased you will soon be *practicing medicine* in Georgiana and look forward to a long relationship with you." Record, p. 7. This certainly may be construed to state the nature of Majd Pour's employment. Finally, the letter provides that Majd Pour would receive a guaranteed salary of $7,000 per month for one year, and that he would receive all collected office charges in excess of $84,-000. This is sufficient to establish his compensation.

█ While we might include more details in drafting an employment contract such as the one before us, still, all the covenants necessary for an employment contract were contained in this document. American asserts there were other covenants which render this contract parol. This may be the case, but the trial court was not free to speculate as to their existence in dismissing this case.[5] We cannot say the complaint stated no set of allegations upon which relief could be granted, because this contract could be a complete written contract, recovery under which is not barred by the statute of limitations. We must conclude the trial court erred in dismissing the case.

We do not hold today that the agreement between Majd Pour and American was definitely embodied in a written contract. Indeed if, upon further development of the facts, it becomes apparent that the writing was not the complete expression of the agreement between the parties and was merely one portion of a contract partly oral and partly written, American would be free to raise the statute of limitations for oral employment contracts in a motion for summary judgment. We only hold that Majd Pour's complaint was sufficient to raise a *reasonable possibility* that the contract he entered with American was not only written but also the complete agreement between the parties and the action should be governed by the statute of limitations for written contracts. Accordingly, we reverse and remand with instructions to reinstate Majd Pour's cause of action.

Reversed and remanded for further proceedings.

SHIELDS, P.J., and YOUNG, J., concur.

**5.** If there were other terms American is free to introduce evidence as to their existence. Until such time as American does so, however, the trial court may not speculate as to their existence, even if it seems probable to the court that such additional terms do exist. *Illinois Pipe Line Co. v. Brosius* (1939), 106 Ind.App. 390, 20 N.E.2d 195.