Ezzat E. MAJD POUR, Appellant
(Plaintiff Below),

v.

BASIC AMERICAN MEDICAL, INC.,
Appellee (Defendant Below).

No. 49A02–8805–CV–181.

Court of Appeals of Indiana,
Second District.

June 4, 1990.

Rehearing Denied July 24, 1990.

John M. Heeter, Indianapolis, for appellant.

David W. Mernitz, Colleen E. Tonn, Stark Doninger Mernitz & Smith, Indianapolis, for appellee.

SULLIVAN, Judge.

Ezzat E. Majd Pour (Majd Pour) appeals the decision of the trial court granting summary judgment in favor of defendant, Basic American Medical, Inc. (BAMI).

We reverse.

This case arises from an employment contract and comes before this Court for the second time. Majd Pour's first appeal was taken from a trial court order granting BAMI's Motion to Dismiss. The Motion sought to dismiss Majd Pour's complaint for damages for breach of contract upon the grounds that it was barred by the statute of limitations set forth in I.C. 34–1–2–1.5 (Burns Code Ed.Supp.1985).

That statute provides that all actions "relating to the terms, conditions, and privileges of employment" must be commenced within two (2) years from the date of the "act or omission complained of." The statute excepts actions "based upon" written contracts.

Majd Pour's complaint included a copy of a letter written to him by Joe Scott, Senior Vice President of BAMI, on December 23, 1982. The letter provided that Majd Pour would begin practicing medicine in Georgiana, Alabama, on January 5, 1983, and appears to guarantee employment for one year. On April 20, 1983, BAMI terminated Majd Pour's employment. Majd Pour filed his complaint on November 8, 1985.

At the heart of that dispute was whether or not the written contract exception applied. The same issue is the focus of this appeal. If the written contract exception does not apply, Majd Pour's complaint alleging breach on April 20, 1983, but filed more than two years later, is time barred.

Majd Pour asserts that the letter is the employment contract between Majd Pour and BAMI and therefore the written contract exception should apply. The trial court, considering BAMI's Motion to Dismiss, disagreed, dismissing the complaint as barred by the statute of limitations.

Upon appeal, Judge Miller, writing for a unanimous Fourth District, reversed the trial court's order dismissing Majd Pour's complaint. *Majd Pour v. Basic American Medical, Inc.* (1987) 4th Dist. Ind.App., 512 N.E.2d 435. The Court held that on its face the letter appeared to embody the agreement of the parties. That is, "all the covenants necessary for an employment contract were contained in this document." *Id.* at 439. Those covenants included the place of employment, the period of employment, the nature of the employee's services, and the employee's compensation.

However, the court went on to say:

"We do not hold today that the agreement between Majd Pour and American was definitely embodied in a written contract. Indeed if, upon further development of the facts, it becomes apparent that the writing was not the complete expression of the agreement between the parties and was merely one portion of a contract partly oral and partly written, American would be free to raise the statute of limitations for oral employment contracts in a motion for summary judgment." *Majd Pour, supra,* 512 N.E.2d at 439.

On remand, Majd Pour's complaint was reinstated. BAMI promptly filed a Motion for Summary Judgment, attaching the affidavit of Joe Scott. The affidavit asserted that the December 23 letter did not embody all of the terms agreed upon by the parties and in particular did not include Majd Pour's obligations. Majd Pour filed a counter-affidavit to the effect that there was no agreement other than that embodied in the letter.

The trial court granted summary judgment in favor of BAMI. Majd Pour appeals, asserting that his affidavit created a genuine issue of material fact which precluded summary judgment. We agree.

■ Summary judgment is the application of law to facts not in dispute. *Ang v. Hospital Corp. of America* (1979) 1st Dist., 182 Ind.App. 381, 395 N.E.2d 441. In making this determination the trial court engages in a four-step process: identifying the legal issue; identifying the kind or type of facts material to the issues; identifying material facts in affidavits, depositions or other supporting materials; and, determining if those facts are in genuine dispute. *Harvey,* 3 *Indiana Practice* § 56.7 (1987 and Supp.1989).

In the present case the legal issue to be determined was whether Majd Pour's complaint was barred by the statute of limitations prescribed by I.C. 34–1–2–1.5. The determination of whether Majd Pour's complaint was timely filed requires a fact determination: was the contract written or oral?

The December 23 letter, which Majd Pour asserts as the contract in this case, reads as follows:

"Dear Dr. Majd,

We were most pleased to hear you had passed the oral medical licensure examinations in the state of Alabama and will soon be opening your practice in Georgiana, Alabama.

Pursuant to an earlier conversation, our participation in helping you establish your medical practice will be as follows:

1) Your starting date in Georgiana, Alabama will be January 5, 1983.

2) Basic American Medical, Inc. guarantees you seven thousand ($7,000.00) dollars per month for the first year beginning January 5, 1983. During the first year, we will keep all collected office charges generated by you until such time as we have collected a total of eighty four ($84,000.00) thousand dollars. All collected charges above eighty four ($84,000.00) will be yours as additional income.

3) Basic American Medical, Inc. will be responsible for moving you to Georgiana. We will pay the lowest estimate of the three already submitted by you.

4) Office space will be furnished to you, at no cost, for one (1) year from January 5, 1983.

5) Office personnel will be furnished to you for twelve months, at no cost, beginning January 5, 1983.

6) Office equipment will be furnished to you at no cost on an indefinite basis. Additional equipment will only be purchased by mutual agreement of you and the hospital administrator.

Since it took sometime to be sure you would be able to set up your practice in Georgiana, we have not gotten all the equipment you requested at the hospital, however, we will begin to get the remainder in as quickly as possible.

Again, we are pleased you will soon be practicing medicine in Georgiana and look forward to a long relationship with

you. Please let us know if there is anything else we can help you with to make your move as smooth as possible.

Sincerely,

Joe L. Scott

Senior Vice President" Record at 89–90.

Scott's affidavit asserted that there were additional oral terms to the contract. It is clear that an agreement containing both oral and written terms is considered an oral contract. *Citizens Progress Co. v. James O. Held & Co.* (1982) 1st Dist. Ind. App., 438 N.E.2d 1016. BAMI posits that the additional items described in Scott's affidavit are part of the Majd Pour—BAMI agreement, and therefore Majd Pour's cause of action should be barred by the two-year statute of limitations for oral contracts.

Scott's affidavit states that:

"5. Majd Pour's employment contract with BAMI also involved Majd Pour's obligations to BAMI and Georgiana Community Hospital, which included, but were not limited to:

(a) Majd Pour's agreement to locate his medical practice in Georgiana, Alabama and to apply for state licensure in Alabama.

(b) Majd Pour's agreement to use exclusively the office facilities provided for him by BAMI and to account to BAMI for all receipts collected from his office practice until the time his practice guarantee of $84,000 was reached.

(c) Majd Pour's agreement to use the facilities of Georgiana Community Hospital exclusively and not to apply for staff privileges at neighboring hospitals.

(d) Majd Pour's agreement to abide by the rules, regulations, by-laws and internal procedures established or directed by Georgiana Community Hospital and BAMI.

(e) Majd Pour's agreement to be an active member of the Medical Staff of Georgiana Community Hospital and to build his practice to such an extent that, along with the patients referred to Georgiana Community Hospital by another local physician, Georgiana Community Hospital was full or nearly full at all times." Record at 87–88.

In considering the effect of Scott's affidavit, it is helpful to understand the role of affidavits in a summary judgment proceeding. Because summary judgment is only appropriate where there is no genuine issue of material fact, the burden is on the moving party to demonstrate the lack of a genuine issue of a material fact and that the movant is entitled to summary judgment as a matter of law. *Conard v. Waugh* (1985) 4th Dist. Ind.App., 474 N.E.2d 130. If the moving party does prima facie demonstrate the lack of a genuine issue of material fact, the non-moving party may not rest upon his pleadings but must come forward with materials which demonstrate a genuine issue of material fact. *Id.;* Ind. Trial Rule 56(E). In considering these materials, we accept as true, facts alleged by the non-moving party. *McMahan v. Snap On Tool Corp.* (1985) 4th Dist. Ind.App., 478 N.E.2d 116.

Generally, where the motion for summary judgment raises an affirmative defense, such as the statute of limitations, the movant need only make a *prima facie* showing that the claim was asserted beyond the statutory period. *See Harvey, supra; Conard, supra.* In such case, the burden then falls upon the non-movant to establish the existence of material facts in avoidance of the limitations defense. *Id.* However, in this case the affirmative defense of the statute of limitations is not *prima facie* established because BAMI is asserting that a statute of limitations regarding oral contracts should apply to an employment agreement which is in writing. Thus, with respect to this determinative issue, the burden is upon BAMI to demonstrate the appropriateness of summary judgment through supporting materials. The question then becomes whether the Scott affidavit does so.

Paragraphs 5(a) and (b) of the affidavit, dealing with moving to Alabama and Majd Pour's compensation, are encompassed by the letter and do not "pierce the

pleadings."[1] *See Harvey, supra.* The substance of paragraphs 5(c), (d), (e) do not appear to be contained in the letter and therefore Majd Pour was required to come forward with assertions of facts to show these items to be in dispute.

Majd Pour filed an affidavit addressed to the contentions in Scott's affidavit. In response to paragraph 5(c), alleging he was to use Georgiana Community Hospital (GCH) exclusively, Majd Pour asserts that he had no agreement other than written. As to paragraph 5(d), regarding his agreement to abide by the rules, regulations and by-laws of GCH, Majd Pour avers that:

"In response to Paragraph 5(d), this statement is part of staff privilege application, of Georgiana Hospital, which each staff member should sign, (it is not oral statement), also this statement has no relation with employment contract, each employed or non employed physician of any hospital should sign it." Record at 98.

Finally regarding paragraph 5(e) concerning Majd Pour's alleged agreement to keep GCH full or nearly full at all times, Majd Pour asserted that he had no written or oral agreement along these lines. He further alleged that he was ordered to keep the hospital full after he began working at GCH and "after my contract." Record at 99.

Taking Majd Pour's assertions of fact as true, they demonstrate a genuine issue of material fact as to whether or not the agreement of the parties was embodied in the letter. Indeed, BAMI seems to sense this. Paragraph 6 of Scott's affidavit states that

"These obligations of Majd Pour, *identified in Paragraph 5* of this Affidavit, were not included in the BAMI Letter but were obligations assumed by Majd Pour under his employment contract with BAMI." Record at 88. (Emphasis supplied.)

Yet in its brief, BAMI focuses on paragraph 3 of Scott's affidavit asserting that Majd Pour's response to it is "undisputed evidence" that the BAMI Letter was not the complete expression of the parties' agreement. Appellee's Brief at 6. Paragraph 3 of the Scott affidavit asserts:

"BAMI's primary purpose in entering into an employment agreement with Plaintiff, Ezzat E. Majd Pour ('Majd Pour'), was to induce Majd Pour to set up his practice in the small community of Georgiana so that Majd Pour could serve on the staff of Georgiana Community Hospital and refer patients to the hospital." Record at 87.

In response to which, Majd Pour stated: "I was admitting my patients to this hospital, as part of my employment, it was not a patient referral." Record at 97. BAMI interprets this statement to mean "that he agreed, as part of his employment agreement with BAMI, to admit his patients to Georgiana Community Hospital." Appellee brief at 14. Because this term does not appear in the letter, BAMI argues that the employment contract is partially oral and thus barred by the statute of limitations for oral contracts.

■ We disagree that Majd Pour's statement creates undisputed evidence of an oral term. We find no indication in Majd Pour's statement that he *agreed* to admit patients to GCH. Taking Majd Pour's statement in a light most favorable to him, it could simply have meant that his admitting of patients was a by-product of being in the community and upon the staff of the hospital. Where conflicting inferences arise, summary judgment is inappropriate. *Ang, supra,* 395 N.E.2d 441.

The trial court stated in its conclusions of law that

[Paragraph 5(b)] is agreed as stated in written contract." Record at 98. By such response Majd Pour did not agree that the exclusivity aspect of Scott's affidavit was part of the contract. Majd Pour qualified his agreement with paragraph 5(b) as being limited to what was stated in the letter.

---

**1.** Paragraph 5(b) of Scott's affidavit, in addition to the provision relating to compensation and retention of office proceeds by BAMI, contains an assertion that Majd Pour was "to use *exclusively* the office facilities provided for him by BAMI." (Emphasis supplied.) Record at 87. Majd Pour's response was that "this section

"Because it is necessary to resort to parol evidence to ascertain the terms of Majd Pour's employment contract with BAMI, Majd Pour's employment contract is partially in writing and partially oral; thus, the contract is treated as an oral contract for purposes of the determination of the applicable statute of limitations." Record at 105.

This analysis of the determinative process puts the cart before the horse. Extrinsic evidence may be necessary to determine whether or not the written letter was the entire agreement of the parties. This indicates that summary judgment was inappropriate here. It may or may not be true that the alleged oral "terms" were actually part of that agreement. That is the focus of the inquiry as to whether this case is time-barred and it is for a trier of fact to determine.[2] That the trial court may believe that the non-moving party will not prevail at trial is not justification for granting summary judgment. *F.W. Means & Co. v. Carstens* (1981) 3d Dist. Ind.App., 428 N.E.2d 251, 258–259.

▪ Even assuming that the trial court was correct in concluding there were no genuine issues of material fact, summary judgment was inappropriate because BAMI did not demonstrate it was entitled to judgment on the statute of limitation issue as a matter of law. Majd Pour's complaint alleged that "on or about April 20, 1983, the defendant breached said contract and terminated plaintiff's employment." Record at 5. The written letter stated that BAMI "guarantees you seven thousand ($7,000.00) dollars per month for the first year beginning January 5, 1983." Record at 89.

▪ The letter was determined to be sufficient to constitute a written employment contract. *Majd Pour, supra,* 512 N.E.2d 435. I.C. 34-1-2-1.5 provides:

"Employment agreements not in writing. —All actions relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages or salary) shall be brought within two [2] years of the date of the act or omission complained of."

We interpret this provision to require that all actions relating to oral terms, oral conditions and oral privileges of employment be brought within two (2) years; all actions based upon written terms, written conditions and written privileges are excepted so long as there is a written contract of employment.

In so holding we do not disregard our reasoning in *Kemper v. Warren Petroleum Corp., Inc.* (1983) 2d Dist. Ind.App., 451 N.E.2d 1115, and *State v. Puckett* (1988) 2d Dist. Ind.App., 531 N.E.2d 518. In those cases we held that in determining whether or not to apply I.C. 34-1-2-1.5 the court is to focus not upon the nature of the dispute itself, but rather upon whether the dispute arose out of the employment relationship.

In the *Kemper* case, the specific dispute involved a company pension plan which was written. However there was no written contract of employment. The pension plan was determined to be a privilege of Kemper's employment, which arose pursuant to an oral employment contract. Thus, his cause of action arising in 1970 when Kemper turned 65, but filed in 1980, was time-barred by I.C. 34-1-2-1.5. The court noted that Kemper had reasonable time after the statute's enactment in 1977 to file suit.

*Puckett* also involved a privilege of employment. In that case the State, Puckett's employer, brought suit to recover payments for occupational injury compensation. Although the dispute was based upon a written rule enacted pursuant to statute, Puckett's employment with the State was based upon an oral contract. Thus, we relied upon our decision in *Kemper* to hold

---

**2.** While at first glance statute of limitations questions seem purely a matter of law, there are many cases which turn upon fact determinations which are for jury consideration. *See e.g., Consolidated Rail Corp. v. Travelers Ins. Co.*

(1984) Ind., 466 N.E.2d 709; *McMahan, supra,* 478 N.E.2d 116; *Whittaker v. Federal Cartridge Corp.* (1984) 3d Dist. Ind.App., 466 N.E.2d 480; *Collins v. Dunifon* (1975) 3d Dist., 163 Ind.App. 201, 323 N.E.2d 264.

that the State's cause of action was time-barred pursuant to I.C. 34–1–2–1.5.

The Fourth District followed our reasoning in *Kemper* in *Peake v. International Harvester Co.* (1986) 4th Dist. Ind.App., 489 N.E.2d 102. That case involved an employee's claim against his former employer for wrongful appropriation of his suggestion box idea. The Fourth District first relied upon *International Union, U.A.A. & A.I. Workers of America (UAW), AFL–CIO v. Hoosier Cardinal Corp.* (1965) 7th Cir., 346 F.2d 242, *aff'd* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192, to hold that a collective bargaining agreement was not a written contract as between an employee and an employer under an oral employment contract. The court also determined that the suggestion plan idea was only possible because of the plaintiff's employment. Therefore, because the dispute arose out of an employment relationship and that employment relationship was based upon an oral contract, I.C. 34–1–2–1.-5, barred the claim.

Another Fourth District case would seem to be contradictory. *Meek Mack, Inc. v. Colvin* (1986) 4th Dist. Ind.App., 495 N.E.2d 813. There, the defendant employee was attempting to rely upon application of I.C. 34–1–2–1.5 as an affirmative defense to the employer's suit for fraud. The defendant, Colvin, relied upon *Kemper*'s rationale that the application of the statute depended upon whether the specific dispute arose out of the employment relationship. The Fourth District stated that Colvin's reliance upon *Kemper* was inappropriate "when the exact wording of I.C. 34–1–2–1.-5" was considered. 495 N.E.2d at 814. The court held:

> "The applicability of IC 34–1–2–1.5 is not dependent upon whether the action arose out of the employment relationship but whether it relates to a term, condition or privilege of employment." 495 N.E.2d at 815.

The court concluded that even though the opportunity to commit fraud might arise from the employment relationship, the character of the cause of action was not transformed into one *relating* to a term,

condition or privilege of employment. In *Miller v. International Harvester Co.* (1987) 7th Cir., 811 F.2d 1150, the federal court attempted to distinguish between *Peake* and *Meek Mack* by focusing on the term "relating". The court stated:

> "The term 'relating' in the statute should not be read literally. If a supervisor punched an employee in the nose because of dissatisfaction with the employee's work, the employee's suit for battery would not be subject to the two year statute for suits relating to the terms, conditions, and privileges of employment. The relation would be too attenuated; and perhaps that is the best ground for distinguishing *Meek Mack* from *Peake*." *Miller, supra*, 811 F.2d at 1152.

Be that as it may, we agree with the Fourth District when it stated that I.C. 34–1–2–1.5 is applicable only when the action relates to a term, condition or privilege of employment based on an *oral* contract of employment. The one consistent factor in all of the above cases was that employment was based on an oral contract. As we have stated, the letter in the present case has been determined to be sufficient to constitute a written employment contract. Both parties agree that the suit arises out of an employment relationship. Therefore, we hold that defendant was not entitled to summary judgment where the plaintiff's complaint alleges breach of a written contract term.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

SHIELDS, P.J., and BUCHANAN, J., concur.