Harold E. DELPH and Patricia A. Delph, Lewis E. Thomas and Chelsea L. Thomas, Michael L. O'Haver, and Ann D. O'Haver and Mark D. Lloyd and Marcia L. Lloyd, Appellants–Plaintiffs,

v.

The TOWN COUNCIL OF the TOWN OF FISHERS, Hamilton County, Indiana, Consisting of Members: Walter F. Kelly, Thomas A. Weaver, and Roy G. Holland, Appellees–Defendants.

No. 29A02–9109–CV–00383.

Court of Appeals of Indiana, Second District.

July 30, 1992.

Gregory K. Silver, L. Craig Turner, Boberschmidt, Miller, O'Bryan & Turner, P.A., Indianapolis, for appellants-plaintiffs.

---

1. The annexed territory is part of the West half of the Northwest Quarter of Section 32, Town-

Douglas D. Church, Church, Church, Hittle & Antrim, Noblesville, for appellees-defendants.

SHIELDS, Judge.

Harold E. Delph, Patricia A. Delph, Lewis E. Thomas, Chelsea L. Thomas, Michael L. O'Haver, Ann D. O'Haver, Mark D. Lloyd and Marcia L. Lloyd (Delphs), all owners of real estate within a one-half (½) mile of territory (Territory) annexed by the Town of Fishers (Fishers) appeal the grant of summary judgment in favor of Fishers in Delphs' cause of action relating to Fishers' annexation of the Territory.

## ISSUE

Delphs raise issues for our review which we rephrase as:

I. Whether genuine issues of material fact exists which preclude summary judgment.

II. Whether the contiguity of the Territory to the municipality can be challenged pursuant to IC 36-4-3-5 (1991 Supp.) or IC 36-4-3-22 (1991 Supp.).

## FACTS

Fishers is a municipal corporation located in Hamilton County. On July 18, 1990, the Town Council of Fishers passed Ordinance # 051690B (the July Annexation) annexing the Territory which was located on the south side of I-69 and consisted of the forty (40) acre parcel known as the Reynolds Tract, together with approximately 7.171 acres encompassing the right-of-way of Interstate 69.[1] The annexation petition was signed by Arzell W. Reynolds, Arline Reynolds and Indy Lighting, Inc., owners of 51% of the Territory, in accordance with IC 36-4-3-5 (1991 Supp.).

A twenty-nine (29) acre parcel of land within the corporate limits of Fishers and contiguous to the Territory was annexed by Ordinance # 122089A on February 6, 1990 [the February Annexation]. This ordinance was recorded on August 16, 1990 as Instrument # 9020205.

ship North, Range 5 East in Hamilton County, Indiana.

Delphs filed a verified complaint to appeal the July annexation pursuant to IC 36–4–3–15.5 (1991 Supp.).[2] Fishers filed a motion to dismiss which the court treated as a motion for summary judgment.[3] The court granted a summary judgment in favor of Fishers.

Delphs appeal.

## DISCUSSION

When this court reviews a grant of summary judgment, we apply the same standard of review as the trial court: whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind.Trial Rule 56(C); *Lilge v. Russell's Trailer Repair, Inc.* (1991), Ind.App., 565 N.E.2d 1146, 1148. In determining whether a material issue of fact exists, we accept as true the facts alleged by the nonmoving party, and resolve all doubts as to the existence of a genuine issue of fact against the moving party. *Whitebirch v. Stiller* (1991), Ind. App., 580 N.E.2d 262, 263.

A fact is material if it helps to prove or disprove an essential element of the plaintiff's cause of action. *Lilge*, 565 N.E.2d at 1148. A factual issue is genuine if it cannot be completely resolved by reference to the undisputed facts. *American Family Mutual Ins. Co. v. Kivela* (1980), Ind.App., 408 N.E.2d 805, 809. The moving party has the burden to make a prima facie demonstration of the lack of a genuine issue of material fact, and to demonstrate that he is entitled to judgment as a matter of law. *Majd Pour v. Basic American Medical, Inc.* (1990), Ind.App., 555 N.E.2d 155, 158.

The nonmoving party may rest on his pleadings until the moving party carries its burden. *Id.* at 158. The burden then shifts to the nonmoving party to show the presence of a material fact to stave off summary judgment. *Fort Wayne Community Sch. v. Fort Wayne Educ. Assoc., Inc.* (1986), Ind.App., 490 N.E.2d 337, 339. If the nonmoving party fails to meet this burden, summary judgment may be granted. Ind.Trial Rule 56(E); *Pitcock v. Worldwide Recycling, Inc.* (1991), Ind. App., 582 N.E.2d 412, 414.

Notwithstanding Delphs' contrary argument, no issue of material fact exists in this case and Fishers is entitled to judgment as a matter of law.

## I.

First, Delphs argue an issue of fact exists whether the State of Indiana, owner of the I–69 right-of-way, received notice of or consented to the July Annexation. However, notice or consent is not a material fact.

According to IC 36–4–3–15.5(b) (1991 Supp.), if the evidence establishes that the territory sought to be annexed is contiguous to the annexing municipality, a court shall deny the appeal of annexation and dismiss the proceeding. Thus, consent and notice are relevant only if their absence bars a finding of contiguity of the municipality with the annexed territory. As discussed in Issue II, in an annexation pursuant to IC 36–4–3–5 (1991 Supp.), consent or notice to all owners of real estate within the territory described in the annexation ordinance is not required if 51% of the real property owners initiate a voluntary petition for annexation. Here, it is undisputed that 51% of the property owners initiated the annexation petition; therefore lack of notice to or consent of other property owners is not a material fact and does not preclude summary judgment.

Second, Delphs argue an issue of fact exists whether the Territory is contiguous

---

**2.** IC 36–4–3–15.5 (1991 Supp.) provides, in part: "An owner of land within one-half (½) mile of territory proposed to be annexed under this chapter may, within sixty (60) days after the publication of the annexation ordinance, appeal that annexation to a circuit court of a county in which the annexed territory is located." The verified petition also contests a zoning ordinance. That action is not part of this appeal.

**3.** *See* Ind.Trial Rule 12(B)(8).

to Fishers.[4] However, apart from the pleadings, the sole evidence submitted to the court is the affidavit of Gary R. Kent, a registered land surveyor. Kent's affidavit, submitted by Fishers, recites that the real estate description attached to the July Annexation ordinance includes the forty (40) acres owned by the Reynolds and the 7.171 acres owned by the State of Indiana. The affidavit also states the Territory is contiguous to Fishers. Thus, the fact of contiguousness is undisputed.

■ Third, Delphs argue an issue of fact exists whether the July Annexation is superficial and a subterfuge for the extension of the town's boundaries, and under such circumstances the contiguousness and annexation are invalid. Delphs base their argument on the language in *Reafsnyder v. City of Warsaw* (1973), 155 Ind.App. 455, 293 N.E.2d 540, in which the court construed the statutory meaning of contiguity "as to territorial extent, the idea of a city is one of unity, not of plurality, of compactness or contiguity, not separation or segregation." 155 Ind.App. at 463, 293 N.E.2d at 545. At the time of *Reafsnyder*, contiguity was not defined by statute and judicial interpretation was necessary. *See* Ind. Stat.Ann. §§ 48–701 and 701(a) (1963) (repealed by 1969 Ind.Acts 239). However, presently, contiguous territory is defined in IC 36–4–3–1.5 (1988) and the definition does not include a requirement of compactness and unity of a municipality.[5] Therefore, any factual issue pertaining to any superficiality or any subterfuge is not material.

Next, Delphs argue an issue of fact exists whether Fishers will provide city services to the newly annexed property. Providing city services is a material fact only

if it has some bearing on the contiguity of Fishers with the Territory. *See* IC 36–4–3–15.5(b). Because there is no relationship between lack of city services and contiguity, lack of services is not a material issue of fact and does not preclude summary judgment.

Finally, Delphs argue Fishers did not record the February Annexation of a twenty-nine (29) acre parcel of land pursuant to IC 36–4–3–22(a) (1991 Supp.) in a timely manner. This parcel is immediately adjacent to the Territory, and if the February Annexation was invalid when the July Annexation took place, the Territory would be neither contiguous to Fishers nor validly annexed.

Fishers admitted the tardy recordation. Hence there is no disputed material fact to preclude summary judgment.

## II.

Because no genuine issue of material fact exists, we next consider if Fishers was entitled to a judgment under the law. Summary judgment is appropriate only where the moving party is entitled to judgment as a matter of law. *Majd Pour*, 555 N.E.2d at 158.

Delphs, who own property within one-half (½) mile of the Territory, challenge the July Annexation pursuant to IC 36–4–3–15.5 which states:

> [The] complaint must state that the reason the annexation should not take place is that the territory sought to be annexed is not contiguous to the annexing municipality.... If the evidence establishes the territory sought is contiguous to the

---

4. Contiguity will be discussed in terms of physical contiguity, i.e., whether the land in issue is adjacent to the annexing entity as defined in IC 36–4–3–1.5 (1988). In addition, contiguity can be found lacking when the annexing municipality does not follow the requirements of other statutes. Delphs argue contiguity is absent because the annexation does not meet the consent and notice requirements of IC 36–4–3–5 (1991 Supp.) and because a previous annexation adjacent to the territory in issue was not recorded and is therefore invalid. *See* IC 36–4–3–22(a) (1991 Supp.). These are questions of law, not fact, and are discussed in Issue II.

5. IC 36–4–3–1.5 (1988) provides: "For the purposes of this chapter, territory sought to be annexed may be considered contiguous only if at least one-eighth (⅛) of the aggregate external boundaries of the territory coincides with the boundaries of the annexing municipality. In determining if a territory is contiguous, a strip of land less than one hundred fifty (150) feet wide which connects the annexing municipality to the territory is not considered a part of the boundaries of either the municipality or the territory."

annexing municipality, the court shall deny the appeal and dismiss the proceedings.

Thus, a court shall deny the appeal on the annexation issue if the evidence is that the Territory is contiguous with Fishers. Delphs raise two arguments challenging contiguity.

First, Delphs argue IC 36–4–3–5 (1991 Supp.) contemplates that all land owners in a territory to be annexed act together in order for the annexation to be valid. According to Delphs, because I–69 lies between Fishers and the majority of the Territory, notice to or consent of the State of Indiana is a condition to the validity of the annexation.

Delphs rely on *Forsyth v. City of Hammond* (1895), 142 Ind. 505, 40 N.E. 267, which held that the consent of a landowner was required before annexation pursuant to § 3659 of the Revised Statutes of 1894 and § 3196 of the Revised Statutes of 1881 was valid. Those statutes specifically required consent of the landowner before annexation by a municipality, but are no longer the law in Indiana.[6]

Today, voluntary annexation of territory contiguous to a municipality is governed by IC 36–4–3–5 which states, in part, that landowners of territory

> may file with the legislative body of the municipality a petition:
>
> (1) signed by at least: (A) fifty-one percent (51%) of the owners of land in the territory sought to be annexed; . . .
>
> (2) requesting an ordinance annexing the area described in the petition.

The trial court properly read the plain language of the statute as not requiring notice to any remaining landowners once the owners of more than 51% of the real property to be annexed initiate a petition for annexation. Thus, although the Territory properly included I–69, lack of notice to and consent by the State of Indiana is not a bar to annexation pursuant to IC 36–4–3–5.

Delphs also challenge the contiguity of the Territory to Fishers pursuant to IC 36–4–3–22 (1991 Supp.) which requires that annexation ordinances be recorded within ninety (90) days after the expiration of the period permitted for remonstrance or appeal.[7]

Fishers did not record the February Annexation within ninety (90) days pursuant to IC 36–4–3–22(a). In fact, the annexation was not recorded until August 16, 1990, nearly a month after the adoption of the July Annexation. The parcel annexed in the February Annexation is immediately adjacent to the Territory and Delphs argue the February Annexation was invalid when the July Annexation took place and, therefore, the Territory is neither contiguous to Fishers nor validly annexed.

However, IC 36–4–3–22(c) further states that: "Failure to record the annexation ordinance ... does not invalidate the ordinance." Thus, the trial court properly determined annexation is complete when the remonstrance or appeal period ends with no remonstrance or appeal being filed. The period for the February Annexation ended on April 23, 1990, and that territory was properly and legally annexed to Fishers at that time. The existence of contiguous territory permitted the voluntary petition by the Reynolds to be considered by the Town Council of Fishers and adopted on July 18, 1990. Thus, the Territory is contiguous to Fishers, and the tardy recordation of the February Annexation is not a bar to annexation pursuant to IC 36–4–3–5.

Judgment affirmed.

MILLER and SULLIVAN, JJ., concur.

---

6. Section 3659 of the Revised Statutes of 1894 was repealed by 1929 Ind.Acts 212. Section 3196 of the Revised Statutes of 1881 was superseded by §§ 48–701 to 705 (1933) which was repealed by 1969 Ind.Acts 239.

7. The period for remonstrance, governed by IC 36–4–3–11 (1991 Supp.), and the period for appeal governed by IC 36–4–3–15.5 (1991 Supp.) is sixty (60) days after publication of the annexation ordinance.