Jerry JONES, Plaintiff–Appellant,

v.

GENERAL ELECTRIC COMPANY, Defendant–Appellee.

No. 95–2281.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 6, 1995.

Decided June 24, 1996.

**210**

Scott A. Benkie (argued), Timothy P. Brazill, Brazill & Benkie, Indianapolis, IN, for Plaintiff-Appellant.

Thomas A. Herr (argued), Fort Wayne, IN, William Sweet, Beckman, Lawson, Sandler, Snyder & Federoff, Fort Wayne, IN, for Defendant-Appellee.

Before POSNER, Chief Judge, and HARLINGTON WOOD, Jr., and EVANS, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Jerry Jones, as the representative of a group of employees of the General Electric Company's Decatur, Indiana plant, appeals the dismissal of his complaint which sought enforcement of plant closing provisions of a collective bargaining agreement under § 301 of the Labor and Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Because we find the applicable statute of limitations makes the suit untimely, we affirm the district court's dismissal of the complaint.

## I. BACKGROUND

Plaintiff-appellant Jerry Jones brought this case on behalf of a group of former employees of defendant-appellee General Electric's plant in Decatur, Indiana. While at that location, the employees were members of Local 924 of the International Union of Electronic Salaried Machine and Furniture Workers, and were employed under the terms of a collective bargaining agreement in effect from 1988–1991. When the Decatur plant was closed in March of 1989, its former employees were permitted to bid on jobs at General Electric's Fort Wayne, Indiana plant. Plaintiff alleges that they were "told that their seniority and accompanying service credits would start when they commenced work at the Fort Wayne plant," and that the collective bargaining agreement then in force provided that individuals re-employed at a

new plant location would have seniority and service credits pursuant to any existing practices and procedures at the new location.

Upon joining the Fort Wayne plant, however, the group discovered that their seniority and service credits accumulated at the Decatur plant had been lost. This was allegedly due to the methods (or lack thereof—the record is unclear) used at the Fort Wayne plant for "endtailing" seniority and service credits. Since no special agreement had been negotiated by the employer and unions concerning plant closing procedures, Jones asserts that these "endtailing" methods violated the terms of the collective bargaining agreement.

Jones alleges the group filed a grievance to restore the lost seniority, and that some former employees filed a complaint with the National Labor Relations Board in June of 1991. While the complaint to the NLRB was dismissed as untimely, the resolution of the grievance is not stated in the record. Jones asserts, however, that all such dispute resolution avenues have been exhausted. Jones also argues that his local union became "defunct" with the closing of the Decatur plant, and that any duty of the union to represent the group was therefore dissolved.

Jones and fellow plaintiffs filed this suit on January 11, 1995, claiming several breaches of the collective bargaining agreement in violation of § 301 of the LMRA. They also requested that their cause be certified as a class action under Fed.R.Civ.P. 23. Defendants responded with a motion to dismiss under Fed.R.Civ.P. 12(b)(6), claiming the complaint was filed beyond the applicable statute of limitations.

The district court granted defendant's motion to dismiss, applying Indiana's two-year statute of limitations for employment-related contract actions, Ind. Code § 34–1–2–1.5. The motion to proceed as a class action was denied as moot. Jones appeals on the sole ground that their claim should be subject to Indiana's ten-year statute of limitations for written contract actions, Ind. Code § 34–1–2–2(6).

## II. STANDARD OF REVIEW

■ We review statute of limitations determinations *de novo*. *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247 (7th Cir.1995). Dismissal of a complaint is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). We accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir.1992).

## III. DISCUSSION

■ Claims asserted under § 301 of the LMRA are not governed by a specific statute of limitations, and therefore courts reviewing claims under that section must borrow an appropriate limitations period. When federal statutes are silent as to limitations periods, federal courts usually borrow the most closely analogous statute of limitations from state law. *See Int'l Union, United Auto. Workers of Am. v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703–04, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966). A narrow exception to this standard borrowing rule exists when analogous state statutes of limitations would frustrate or significantly interfere with the implementation of national policies or would be at odds with the purpose or operation of federal substantive law. *North Star Steel Co. v. Thomas*, —— U.S. ——, —— – ——, 115 S.Ct. 1927, 1930–31, 132 L.Ed.2d 27 (1995) (internal citations omitted).

■ The question of what time limits apply to § 301 actions is not a new one to this court. The question admits of several answers, however, depending on various contextual factors. To summarize briefly, in so-called "hybrid" cases involving claims against both the employer for breach of contract and against the union for a breach of its duty of fair representation, the Supreme Court has held that federal law provides a six-month time limit in accordance with § 10(b) of the

National Labor Relations Act. 29 U.S.C. § 160(b); *see DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Such "hybrid" cases, which implicate federal labor law and important national policies, invoke the "narrow exception" and are to be distinguished from "straightforward" § 301 cases. For cases of the latter type, borrowing an applicable state statute of limitations for breach of contract remains the rule. Indiana law provides three possible limitations periods. For contracts not in writing, six years are allowed. Ind. Code § 34–1–2–1. For "[a]ll actions relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary)," two years is the applicable limit. Ind. Code § 34–1–2–1.5. Finally, for all other contract actions, suit must be brought within ten years. Ind. Code § 34–1–2–3.

We mention these various limitation periods because all of them have been raised in this case. As an initial matter, the parties dispute whether this action should be characterized as a "hybrid" suit, with the defendant asserting that a claim should have been brought against the union. The plaintiff argues, however, that with the Decatur plant's closure his union became "defunct" and thus had no duty to represent him. For reasons that will become apparent below, we find it unnecessary to unravel this issue. For purposes of argument, we may assume, as the parties do, that one of the longer Indiana statutory periods governs. The defendant argues, as the district court found, that the two-year limit for employment-related actions applies on the basis of *International Union of Elevator Constructors v. Home Elevator Co.*, 798 F.2d 222 (7th Cir.1986). The plaintiff counters that the correct limitation period is the general ten-year limit for contracts in writing.

In *Home Elevator*, we held that Indiana's two-year statute of limitations applies to § 301 cases brought to enforce contractual obligations contained in a collective bargaining agreement. In that case, the plaintiff union discovered that the defendant employer had not paid its employees certain wage rates established by a collective bargaining agreement. In its complaint, the union alleged that the employer had violated the agreement and therefore sought specific performance and damages under § 301 for breach of contract. *Id.* at 224. Acknowledging that Indiana's two-year statute of limitations for suits involving terms, conditions, and privileges of employment includes the phrase "except actions based on a written contract," we nonetheless concluded that for actions in which "the basic allegation . . . is that a company breached the collective bargaining agreement," *id.* at 227, the two-year period would apply as the most analogous in Indiana's statutory scheme.

Our holding in *Home Elevator* was supported by two rationales. First, we noted that, consistent with the Supreme Court's observations in *Hoosier Cardinal*, 383 U.S. at 706, 86 S.Ct. at 1113–14, because the separate hiring contracts (separate from the collective bargaining agreement, and normally unwritten) between the employer and each employee were essential for both establishing the actual breach and for determining the extent of damages, "this sort of section 301 action is not entirely based on a written contract." *Home Elevator*, 798 F.2d at 230 and n. 9. Second, we found that the two-year period was also consistent with federal labor policy which encourages the rapid resolution of labor disputes and contractual agreements to submit grievances to arbitration. *Id.*

We find this case very similar to *Home Elevator*, which has been the law in such actions for ten years. Plaintiff neither cites nor addresses *Home Elevator* in his main brief, even though *Home Elevator* was the basis upon which the district court granted the motion for dismissal. In any event plaintiff's belated or implied attempts to distinguish *Home Elevator* are unpersuasive. Plaintiff's complaint alleged only violations of the collective bargaining agreement ("the Plaintiffs' claims are squarely predicated on a breach of the plant closing provisions of the Collective Bargaining Agreement"), and asserted at several points that he was "told" that his seniority and related benefits would

continue. So far, these facts seemingly put the case squarely within the confines of *Home Elevator.* Plaintiff advances two arguments to differentiate his case, however. We address these in turn.

First, plaintiff attached a one-page letter to his complaint which describes a revision to the addressee's (not the plaintiff's) "IUE Seniority Date." Plaintiff asserts that a similar letter was "apparently" sent to all affected employees, and argues that it remains to be determined whether that letter constitutes a "written contract ... which would render the [two-year] statute of limitations ... inapplicable." *He cites Majd Pour v. Basic Am. Medical, Inc.,* 555 N.E.2d 155 (Ind.Ct.App.1990), for the proposition that the shorter limitations period "is applicable *only* when the action relates to a term, condition, or privilege of employment based on an oral contract of employment." *Id.* at 161. This holding is taken out of context and ignores other cases, discussed above, which apply the limitations period more broadly. *Majd Pour* did not involve a § 301 claim or a collective bargaining agreement, and discussed the appropriate statute to apply to a specific written employment contract between an individual employee and a corporate health provider.

██ Even construing the letter plaintiff offers in this case in his favor, as we must, we cannot see how this would constitute a written contract, let alone one that would justify the substitution of a catch-all, ten-year statute of limitations over the two-year limit specifically reserved for employment-related actions. Indiana law requires a contract of employment to contain four terms: 1) the place of employment; 2) the period of employment; 3) the nature of the service the employee is to render; and 4) the compensation the employee is to receive. *Majd Pour v. Basic Am. Medical, Inc.,* 512 N.E.2d 435, 439 (Ind.Ct.App.1987). This letter, not even addressed to the plaintiff, does not meet these criteria. The letter itself appears to only clarify certain seniority rights, and these are apparently limited to the employee's status within the union, not directly vis-a-vis the employer. Indeed, the letter states that the revision it describes "applies only to your IUE Seniority Date and does not apply to your Continuity of Service Date with GE.

Your Continuity of Service Date is used to determine your eligibility for vacation pay, sick pay, Income Extension Aid, and other Company benefits." Plaintiff did not argue in the district court why the letter might form a written contract, and gives us no further guidance here. We see no reason why the letter should justify a longer statute of limitations.

Second, and related to his first argument, plaintiff asserted at oral argument that the collective bargaining agreement, together with the letter mentioned above, mandates the approach of *Anderson v. Flexel, Inc.,* 47 F.3d 243 (7th Cir.1995), in place of *Home Elevator.* In *Anderson,* we held that Indiana's ten-year statute of limitations applied in place of the two-year limit in a case involving a collective bargaining agreement together with a written group life insurance policy. *Id.* at 247. Yet *Anderson* was an ERISA case, and an insurance contract is much more substantial than the one-page clarification letter plaintiff offers here. Moreover, in *Anderson* we explicitly stated that "[w]hile we might be inclined to find" that the two-year statute of limitations applied in such cases, we did not even consider the issue because the defendant employer had waived the defense. *Id. Anderson,* therefore, has no bearing on the issue before us.

We find that this case is sufficiently similar to *Home Elevator* to require the application of Indiana's two-year statute of limitations. Aside from familiar principles of stare decisis requiring adherence to *Home Elevator,* we also note that the policy rationales expressed in that case are of continuing relevance and persuasiveness. We see little reason, at least in the circumstances of this case, to apply a ten-year statute of limitations to a collective bargaining agreement in effect toward these plaintiffs for only one year. Plaintiff concedes that if the shorter two year limitation period applies, his suit is untimely. The district court's order dismissing the case is accordingly

AFFIRMED.