No. 19,879.

THE STATE OF COLORADO, ET AL., *v.* R. M. McMILLIN.
(370 P. [2d] 435)

Decided April 2, 1962.   Rehearing denied April 23, 1962.

24

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Clifton A. Flowers, Assistant, for plaintiffs in error.

Messrs. Sheldon and Nordmark, Mr. Richard C. McLean, for defendant in error.

*En Banc.*

Mr. Chief Justice Day delivered the opinion of the Court.

We will refer to the plaintiffs in error, The State Department of Agriculture and the Commissioners as the department and to the defendant in error as the defendant.

The department brought suit against the defendant to recover his "proportionate share of the costs" of spraying operations conducted upon his lands by the department

in the summer of 1958 as part of a program to eradicate a threatened grasshopper plague in Prowers County, Colorado. The spraying of the land was undertaken pursuant to an emergency act of the legislature passed in an extraordinary session called by the governor in the year 1958. The act, by its own terms, expired on December 31, 1958. The department instituted the suit in the district court of Prowers County on July 23, 1960.

The complaint alleges that the department spent a total of $6,530.32 in spraying 1060 acres of crop land and 12,866 acres of range land owned by the defendant. The allegations of the complaint are that of this total cost the state was chargeable with and paid $2,258.62, the federal government's share of the expense was $2,011.08, and the defendant's share was $2,259.62, of which $248.54 was for spraying the crop land and $2,011.08 for spraying the range land. The complaint alleges defendant refused to pay the sum when requested and asked for interest on the amount of the judgment.

The defendant filed a motion to "dismiss this action for the reason and for grounds therefor shows to the Court that the Complaint fails to state a cause of action upon which relief can be granted."

At the conclusion of the oral argument on the motion, the court dismissed the complaint, stating as the reason therefor that the right of the department to bring the suit terminated on December 31, 1958, the date upon which the act expired, and the suit not having been commenced prior to that date was barred. The court made an alternate conclusion of law that even if the action could be instituted after the termination date that the "proportionate share of the cost of the work performed" as recited in the act was so indefinite as to make its meaning uncertain and therefore the act was void and unconstitutional for vagueness and for failure to specify the cost to the landowner under the act. The department is here by writ of error challenging both conclusions of the trial court.

■ We hold that the court was in error. The conclusion that suit had to be brought before the date of the expiration of the act and that the right of the department to recover moneys expended by it during the life of the act expired with the act itself is contrary to C.R.S. '53, 135-1-7 which provides: *"Penalties and liabilities not released by repeal.* — The repeal, revision, amendment or consolidation *of any statute* or part of a statute or section or part of a section of any statute, *shall not have the effect to release, extinguish, alter, modify or change in whole or in part any penalty,* forfeiture or *liability, either civil or criminal, which shall have been incurred under such statute, unless the repealing,* revising, amending or consolidating *act shall so expressly provide; and such statute* or part of a statute or section or part of a section of a statute so repealed, amended or revised, *shall be treated, and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings and prosecutions, as well criminal as civil, for the enforcement of such penalty,* forfeiture *or liability,* as well as for the purpose of sustaining any judgment, decree or order which can or may be rendered, entered or made in such actions, suits, proceedings or prosecutions imposing, inflicting or declaring such penalty, forfeiture or liability." (Emphasis supplied.)

This general law made it unnecessary for the legislature to embody in the specific act under consideration a declaration repeating the provisions of 135-1-7. On the contrary it would have been necessary to incorporate in the act a specific exemption from 135-1-7 to avoid its application.

■ The defendant contends that the above quoted statute refers only to acts that have been repealed. With this contention we cannot agree.

"* * * Where an act expires by its own limitations, the effect is the same as though it had been repealed at that time. * * *" 50 Am. Jur. 525, §515.

25 R.C.L. 932 points out that so long as there is a

*general law* limiting the effect of the repeal, it is declarative of the general policy of the state and takes effect unless the repealing act (or expiration clause) expressly provides otherwise. See also 82 C.J.S. 1011, wherein it is stated that the repeal of a statute does not invalidate the accrued results of its operative tenure and it will not be thus retroactively construed as undoing accrued results if not already required by language of the repealing act.

A construction as contended for by the defendant would impose such a short period of limitations as to make it profitable for those landowners who refused to participate in the emergency, and penalize those who voluntarily participated, recognizing the benefit to themselves and the area.

■ The act became effective in July of 1958. Under the construction urged by defendant, the state would have to conduct its spraying operations, determine and allocate its costs, make its demand for payment, and institute suit, all within six months time. We are persuaded that the right of action accrued to the state for the recovery of a proportionate share of the cost from a landowner when it undertook the spraying operations, and that suit therefore may be commenced at any time within the period of the general statute of limitations.

■ The conclusion of the court that the statute involved is void for vagueness is also erroneous. The act in one section sets forth the formula for determining the proportionate cost to the landowner to be deposited by him in advance and in cash if his land were to be sprayed on a priority basis. That formula was set out in a ratio of 50% of the costs per acre for crop acreage and $\frac{1}{3}$ of the costs per acre for range acreage. It is true that section 8 under which recovery is provided against those who did not participate in the priority program and who did not deposit the money in cash and who refused to participate in the cooperative action of other landowners in the community does not repeat the formula. So long,

however, as landowners who refused to remit on demand and who were sued are not required to pay any more than the landowners who voluntarily participated on a cash basis they cannot complain. Certainly they are not entitled to a free ride. We can see no reason to construe the act so as to relieve them of all responsibility merely because the legislature, in providing for recovery against them, did not repeat the formula. The construction urged by the defendant would be analogous to a situation wherein one obtains goods on credit, and when sued upon failure to pay defends on the ground that the price tag was for "cash on delivery" and urges that he should not have to pay because no time-payment price was quoted.

The judgment is reversed and the cause remanded with directions to require the defendant to answer the complaint and then proceed to trial of the cause on the merits.