Lowell P. KEMPER, Appellant
(Plaintiff below),

v.

WARREN PETROLEUM CORPORA-
TION INC., and Gulf Oil Corporation,
Appellees (Defendant below).

No. 2–1282A404.

Court of Appeals of Indiana,
Second District.

July 28, 1983.

William D. Hall, Indianapolis, for appellant.

James R. Fisher, Mary Beth Braitman, Indianapolis, for appellees.

SHIELDS, Judge.

Lowell P. Kemper (Kemper) appeals the trial court's judgment in favor of Warren Petroleum Corporation, Inc. and Gulf Oil Corporation (Company) on Kemper's breach of contract action. The trial court found the suit barred by the statute of limitations. Although several issues are discussed by the parties on appeal, we decide only the dispositive issue of whether the action was barred by the statute of limitations.

We affirm.

Kemper, employed pursuant to an oral employment contract, was discharged by Company in 1956. The Company pension plan in effect at that time provided an employee who was discharged, but had at least five years service, would be considered a "retired member" and entitled to a "vested retirement allowance" upon reaching the age of sixty-five.

By a letter dated June 22, 1970, Kemper advised Company he was sixty-five. In a series of letters, beginning June 29, 1970, Company advised Kemper he did not have a pension because Company had previously determined he had violated a condition subsequent of the pension and he had been so notified in 1959.[1] Company and Kemper continued to exchange letters through 1975. Kemper commenced this suit for breach of contract on May 30, 1980.

The trial court entered judgment for Company. Its rationale appears in its Findings of Fact, Conclusions of Law and Judgment which, in part, read:

### "FINDINGS OF FACT"

"4. The Plaintiff, Lowell P. Kemper, was employed ... pursuant to an oral employment contract...."

"7. On or about April 30, [1956] Plaintiff's employment ... was terminated...."

.    .    .    .    .

"14. On May 26, 1959, the Plan's Retirement Board notified the Plaintiff that they [sic] were cancelling his retirement allowance and it would *not* be paid."

"17. Plaintiff filed a complaint on May 30, 1980, alleging a breach of contract."

.    .    .    .    .

"19. Plaintiff's cause of action arose no later than July 31, 1970."

### "CONCLUSIONS OF LAW"

"11. This is an action not based on a written contract because of the absence of any written contract of employment.

---

1. Section 9(3) of the pension plan states:
   "Anything herein to the contrary notwithstanding, if the Board of Directors finds that any *retired member* is engaged or employed in any occupation which is in competition with the Company, and if upon due notice such *retired member* continues to be engaged in such occupation, the Retirement Board *shall discontinue the payment to him of his retirement allowance* until further notice from the Board of Directors, and after such payments have been discontinued for one year the Retirement Board shall cancel such retired member's retirement allowance and any option elected under Section 4, Subsection (4), shall be of no further effect."
   Record at 109–10 (emphasis added).

   Kemper engaged in an occupation which was directly in competition with Company: he helped build and maintain a dry gas company which directly competed with Company. Company notified Kemper in a letter of March 28, 1958 that it was aware Kemper was violating the conditions of his right to receive pension benefits and gave Kemper one year to cease competing with Company. Kemper, in a letter of March 31, 1958, admitted working for an independent gas operator and "helping" dealers. Company notified Kemper it was canceling Kemper's right to a pension as a retired member in a certified letter of May 26, 1959 because Kemper had not ceased competing with Company.

"12. This is an action relating to the terms, conditions and privileges of employment, specifically retirement.

"13. I.C. 34–1–2–1.5 applies to this claim.

"14. Plaintiff did not bring his action within a reasonable time after enactment of I.C. 34–1–2–1.5 so as to create any issue with respect to the applicability of the statute to Mr. Kemper.

. . . . .

"16. I.C. 34–1–2–1.5 bars any recovery in this case, since the present action was brought for more than two years after the occurances [sic] complained of and more than two years after the enactment of this statute."

Record at 233–37 (trial court's emphasis). I.C. 34–1–2–1.5, effective August 29, 1977, provides:

"All actions relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) shall be brought within two [2] years of the date of the act or omission complained of."

■ In construing I.C. 34–1–2–1.5 we give the words of the statute their plain and ordinary meaning and give effect to the intent of the legislature. *DeKalb County Welfare Bd. v. Lower,* (1983) Ind.App., 444 N.E.2d 884, 885. The statute is plain and unambiguous. Therefore, we cannot interpret or substitute words to fit within a construction different from what the legislature clearly and expressly intended. *Boone County State Bank v. Andrews,* (1983) Ind.App., 446 N.E.2d 618, 620; *Romack v. State,* (1983) Ind.App., 446 N.E.2d 1346, 1353. *See also Ott v. Johnson,* (1974) 262 Ind. 548, 319 N.E.2d 622.

This statute provides a two year limitation upon all actions *relating* to the employment relationship except where there is a written employment contract. Therefore, where the existence of an employment relationship is an essential element of a cause,

the applicable statute of limitations is determined by whether the contract of employment was oral or written.

■ Kemper argues the contract in issue is the written pension plan. We disagree in so far as I.C. 34–1–2–1.5 is concerned. The statute is broad in its effect. Its application does not depend upon the specific nature of the dispute, *e.g.,* discharge, wages, retirement, etc. Rather, its application depends upon whether the specific dispute arose out of an employment relationship. If it does, then I.C. 34–1–2–1.5 applies.

■ In this case, the specific dispute involves a pension plan. The pension plan is a "privilege" of Kemper's employment and concerns his "retirement." The "privilege" of employment, although written, does not negate the fact the privilege arose out of Kemper's oral employment contract with Company. When an action concerns a privilege of employment and the employment was undeniably the result of an oral contract, I.C. 34–1–2–1.5 controls.

■ The trial court properly determined Kemper's cause of action arose no later than June 1970 when Kemper attained the age of sixty-five and did not receive his pension. The issue, then, is does I.C. 34–1–2–1.5, effective August 29, 1977, apply?

■ Statutes of limitations are statutes of repose founded upon rules of necessity and convenience and the well-being of society. *Indiana Dept. of Revenue v. Estate of Puett,* (1982) Ind.App., 435 N.E.2d 298. The statute of limitations in effect at the time the suit is commenced governs the action, regardless of whether it lengthens or shortens the time allowed for bringing suit. *In re M.D.H.,* (1982) Ind.App., 437 N.E.2d 119. However, in order to avoid harshness of result, a reasonable time is allowed after enactment of a shortened statute of limitations for affected persons to bring suit. *Sansberry v. Hughes,* (1910) 174 Ind. 638, 92 N.E. 783.

Even if we assume the prior statute of limitation had not run on Kemper's claim by 1977, only a reasonable time after the

enactment of the statute is allowed for Kemper to commence his action. *Id.*

"It is the Legislature that made the determination of what is a proper time [for bringing suit].... The judicial task is to examine whether the statute of limitations which intervened between accrual of the cause of action and the commencement of the suit works a misjustice upon the party affected by it."

*Walsh v. Halteman,* (1980) Ind.App., 403 N.E.2d 894, 895. It is our task to determine if only a reasonable time lapsed between the enactment of I.C. 34–1–2–1.5 and the commencement of Kemper's action.

A misjustice has not been worked upon Kemper. Without deciding what a reasonable period of grace might be following enactment of the two year statute of limitations on suits involving oral employment contracts, a cause of action which is commenced more than two years after the enactment of the applicable statute of limitations, is not, as a matter of law, reasonable.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.