**MEEK MACK, INC., Appellant
(Plaintiff Below),**

v.

**Luther R. COLVIN, Appellee
(Defendant Below).**

**No. 4–1185A326.**

Court of Appeals of Indiana,
Fourth District.

July 31, 1986.

Rehearing Denied Sept. 25, 1986.

Perry D. Shilts, Snouffer, Haller & Colvin, Fort Wayne, for appellant.

Arthur M. Weingartner, Fort Wayne, for appellee.

YOUNG, Presiding Judge.

The only issue presented in this appeal is whether the trial court properly granted summary judgment on the basis that fraud committed by an employee against an employer during the period of employment is governed by the two-year period of limitation contained in IND.CODE 34-1-2-1.5.

We reverse and remand.

Meek Mack, Inc. brought suit against Luther R. Colvin on March 7, 1983. The complaint alleged that Meek Mack hired Colvin to fulfill various duties including accounting and financial advising. Colvin was to receive bonuses based on the financial condition of the corporation. The complaint further alleged that Colvin either negligently or intentionally made incorrect journal entries upon which Meek Mack relied in giving Colvin bonuses and which caused Meek Mack to become liable for additional income taxes and penalties and interest thereon.

Prior to filing an answer, Colvin submitted interrogatories to Meek Mack. In answer to one of these interrogatories, Meek Mack stated that Colvin's employment terminated on February 20, 1981. Shortly after Meek Mack filed its answers, Colvin filed a motion to dismiss. In the memorandum supporting his motion, the only argument Colvin made as to Meek Mack's claim for fraud was that it should be dismissed because it was not pleaded with sufficient specificity under the Indiana Rules of Procedure, Trial Rule 9(B). Colvin asserted that other claims brought by Meek Mack should be dismissed pursuant to Trial Rule 12(B)(6) on the grounds that they were barred by two-year statutes of limitations. Prior to the hearing on the motion to dismiss, Colvin moved to publish the interrogatories and requested that the motion be treated as one for summary judgment. The trial court granted summary judgment to Colvin on the basis that all issues raised by the pleadings arose out of employment which had terminated more than two years prior to the filing of the action. Hence, the trial court impliedly concluded that fraud committed by an employee against an employer during the employment relationship is governed by IC 34-1-2-1.5.

The burden of establishing the nature of plaintiff's action so that the relevant limitation period may be identified is on the party who relies upon the statute of limitations defense for his summary judgment motion. *McMahon v. Snap on Tool Corp.* (1985), Ind.App., 478 N.E.2d 116, 120. Colvin asserts that even though Meek Mack has characterized its action as one for fraud, Meek Mack's action actually arose out of an employment relationship and therefore the relevant limitation period is the two-year period established by IC 34-1-2-1.5.

In support of this argument, Colvin relies heavily upon *Kemper v. Warren Petroleum Corporation, Inc.*, in which the Second District stated that the application of IC 34-1-2-1.5 "depends upon whether the specific dispute arose out of the employment relationship." (1983), Ind.App., 451 N.E.2d 1115, 1117. Colvin's reliance on this statement is inappropriate when the exact wording of IC 34-1-2-1.5 is considered. This statute provides:

All actions relating to the terms, conditions, and privileges of employment except actions based upon written contract (including but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages or salary) shall be brought within two (2) years of the act or omission complained of.

The applicability of IC 34–1–2–1.5 is not dependent upon whether the action arose out of the employment relationship but whether it relates to a term, condition, or privilege of employment. IC 34–1–2–1.5 was applied in the *Kemper* case because a privilege of employment, a pension plan, was involved. 451 N.E.2d at 1117. Even though the opportunity to commit fraud may arise from the employment relationship, the character of the action is not transformed into one relating to a term, condition, or privilege of employment as required for the application of IC 34–1–2–1.5.

Colvin also argues that IC 34–1–2–1.5 governs the case because Meek Mack has pleaded negligence in addition to fraud. For this argument Colvin relies upon *Keystone Dist. Park v. Kennert, Dumas, Burke, Backs, Long and Salin* (1984), Ind. App., 461 N.E.2d 749. The complaint in *Keystone* alleged that an attorney approved the starting date for construction of a warehouse upon which he was assisting a client in procuring a bond. The bond was not issued because the construction began prematurely. The complaint further alleged that the attorney failed to notify the client of the bond problem, causing additional client funds to be expended. The court held that the substance of the action was attorney malpractice and that fraudulent concealment does not toll the two-year limitation contained in IC 34–1–2–2 where the event precipitating the fraud is the failure to perform properly within the attorney-client relationship. *Keystone* is distinguishable from the present case for two reasons.

The first distinction between the two cases is that Keystone alleged that the attorney fraudulently concealed his prior negligent acts while Meek Mack is alleging that the acts were either fraudulent or negligent when performed. In other words, failure to perform properly in the relationship has not been alleged to have precipitated the fraud in the present case. Meek Mack has not brought several causes of action nominally different but substantively the same, as was the basis of the

*Keystone* decision. 461 N.E.2d at 752. It has pleaded negligence as an alternative theory of recovery to fraud. "Relief in the alternative or of several different types may be demanded." Indiana Rules of Procedure, Trial Rule 8(A).

The second distinction between the present case and *Keystone* is that two entirely different issues are involved. *Keystone* dealt with the applicability of IC 34–1–2–2 and whether it is tolled by constructive fraud. The issue in the present case is whether IC 34–1–2–1.5 or IC 34–1–2–1 governs actual fraud alleged to have been committed by an employee against an employer during the period of employment. IC 34–1–2–1.5 is applicable only when the action relates to a term, condition, or privilege of employment based on an oral contract. As fraud does not fall within those categories, the two-year limitation is not applicable. Fraud, even when committed within the employment relationship is governed by the six-year period of limitation contained in IC 34–1–2–1. We therefore conclude that the trial court erred in granting Colvin summary judgment as to Meek Mack's claim for fraud.

Reversed and remanded.

MILLER and CONOVER, JJ., concur.