Nicholas MILLER, Plaintiff-Appellant,

v.

INTERNATIONAL HARVESTER COMPANY, Defendant-Appellee.

No. 86–2361.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 26, 1987.

Decided Feb. 17, 1987.

Mark T. Dykstra, Butler, McCanna & Dykstra, Auburn, Ind., for plaintiff-appellant.

Edward J. Liptek, Livingston, Dildine Haynie & Yoder, Ft. Wayne, Ind., for defendant-appellee.

Before CUDAHY, POSNER, and EASTERBROOK, Circuit Judges.

POSNER, Circuit Judge.

Miller, an engineer employed by International Harvester, quit in 1982, when he was 42 years old. He claims (and for purposes of this appeal we must assume) that he was induced to quit by a promise that he would obtain a pension beginning when he was 55. Four months after he left, Harvester wrote to tell him that it had made a mistake, and he wouldn't be eligible for such a pension. Miller wrote back that he didn't accept the company's determination, and he threatened to sue. But he did not bring this suit, a diversity suit seeking damages on a theory of promissory estoppel, for more than two years, and the district judge held that it was therefore barred by Ind. Code § 34–1–2–1.5, which requires that "all actions relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary)" be brought within two years.

Miller claims no contractual right to the pension he says the company promised him; and he asserts (without contradiction) that

under Indiana law conduct giving rise to a promissory estoppel is a species of fraud. Indiana's statute of limitations "for relief against frauds" is six years. Ind.Code § 34–1–2–1 Fourth. He concedes, however, that if his suit is within the scope of section 34–1–2–1.5 as well, the shorter, more specific statute governs, and makes his suit untimely.

As the language of section 34–1–2–1.5 indicates and the Indiana courts have held, the two-year statute is not limited to suits for breach of an employment contract. In *Kemper v. Warren Petroleum Corp.*, 451 N.E.2d 1115 (Ind.App.1983), the suit was for violation of the terms of the employer's pension plan. In *Peake v. International Harvester Co.*, 489 N.E.2d 102 (Ind.App.1986), it was for breach of an agreement to reward employees who made valuable suggestions. In both cases the suit was barred by the two-year statute of limitations. Miller tries to get around these cases by emphasizing that both involved breach of contract, albeit not of an employment contract as such. But Peake had an alternative claim, for unjust enrichment, which the court also held barred by the two-year suit. The court said, in language applicable to the present case: "Peake here seeks damages for what he considers a wrongful appropriation of his idea by his former employer. Because his right to submit the idea to International Harvester for its consideration was a 'privilege' of his employment, I.C. 34–1–2–1.5 applies, regardless of the various causes of action alleged in Peake's complaint." *Id.* at 106.

The fact that Miller claims no contractual right to the pension just means it was not a "term" or "condition" of his employment, that is, a contractual entitlement; it was, however, a "privilege" of employment. In context the word "privilege" denotes (or at least includes) a noncontractual benefit or expectation, like the expectation of a bonus, or of continued employment (not secured by a contract) during good behavior, or of severance

pay—or of the kind of "severance pension" that Miller was offered. Employers and employees more often than not leave the details of their relationship to informal understanding rather than enforceable contract, believing that reciprocal interest will provide an adequate and much cheaper alternative to legal sanctions as a method of adjusting the rights and duties of the parties. See *Kumpf v. Steinhaus,* 779 F.2d 1323, 1326 (7th Cir.1985); Epstein, *In Defense of the Contract at Will,* 51 U.Chi.L. Rev. 947 (1984). Recognition of this point seems implicit in the statutory reference to "privileges" of employment in contradistinction to "terms" and "conditions" of employment. Miller himself was an employee at will, so that the logic of his argument is that most disputes arising out of his employment by International Harvester would not be subject to the two-year statute of limitations since the employment relationship was not contractual. The only exceptions would be disputes over wages for work already done, as to which he would have a contractual entitlement, and disputes over terms imposed by law.

■ The only thing that gives us pause is *Meek Mack, Inc. v. Colvin,* 495 N.E.2d 813 (Ind.App.1986), which applied the six-year rather than the two-year statute of limitations to the following conduct: An employee by jiggering the books of the company caused it both to pay him a bigger bonus than he was contractually (or otherwise) entitled to and to incur additional tax liability, and the company sued him for fraud and (in the alternative) negligence more than two years after the conduct complained of. The court held that the suit was timely. One might have thought it could be viewed as a suit over a term or condition of employment, namely the term covering the employee's right to a bonus; but the court rejected this characterization and stated flatly that the two-year statute "is applicable only when the action relates to a term, condition, or privilege of employment based on an oral contract ... [and] fraud does not fall within those categories," *id.* at 815. This suggests, contrary to *Peake,* that the nature of the plaintiff's

legal theory determines which statute of limitations applies. International Harvester argues that the case is distinguishable because the plaintiff was the employer rather than, as here, the employee; it argues that the purpose of the two-year statute is to benefit employers. This is not so arbitrary a view of the statute as it may seem to be. The obvious reason for a short statute of limitations for disputes over terms, conditions, and privileges of employment not based on a written contract is that it is too easy for an employee to make claims against his employer based on alleged oral understandings and too hard for the employer to disprove these claims when they relate to the remote past.

■ A distinction that does not require confining the statute to suits by employees is that in *Meek Mack* there was no dispute over the terms, conditions, or privileges of employment. Colvin was not claiming the right to jigger the books in order to increase his bonus and the company's tax liability; but Miller is claiming a pension, which is undoubtedly a privilege of employment. The term "relating" in the statute should not be read literally. If a supervisor punched an employee in the nose because of dissatisfaction with the employee's work, the employee's suit for battery would not be subject to the two-year statute for suits relating to the terms, conditions, and privileges of employment. The relation would be too attenuated; and perhaps that is the best ground for distinguishing *Meek Mack* from *Peake.* The relation here is direct, since Miller is claiming a privilege of employment, namely a pension from his employer. Finally, we point out the anomaly of Miller's arguing that he is entitled to the longer statute of limitations because he did *not* have a contractual entitlement to the pension.

The barring of Miller's suit by reason of the statute of limitations, without reaching the merits of the suit, is unfortunate; we need not speculate on what if any remedies he may have against his attorney for an

inexplicable delay in filing a potentially meritorious suit.

AFFIRMED.