Jessie I. **SCHULTZ**, Plaintiff
and Appellee,

v.

Daryl L. **JIBBEN** and Becky
J. Jibben, Defendants,

and

Audrey Jibben, Defendant and Appellant.

No. 18367.

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1994.

Decided March 30, 1994.

Ronald K. Roehr, Milbank, for plaintiff and appellee.

William E. Coester, Milbank, for defendant and appellant.

SABERS, Justice.

Seller forecloses on buyers, who had defaulted on their contract for deed, and their assignee. Assignee attempts to assert the statutory remedy of equitable adjustment after its repeal. Circuit court held for seller. We affirm.

### FACTS

On October 8, 1982, Jessie Schultz (Schultz) and her now deceased husband, as sellers, entered into a Contract for Deed with Daryl Jibben and his then wife, Becky Jibben, as buyers, for the purchase of certain farm property in Grant County, South Dakota. Daryl and Becky borrowed $25,000.00 from Daryl's parents, Audrey and Arnold Jibben, to assist in purchasing the property and making improvements. Daryl and Becky executed a promissory note to Daryl's parents and an Assignment of Contract for Deed as security. Arnold is now deceased.

Daryl and Becky defaulted on the Contract for Deed on October 1, 1992 by failing to make the payment due on that date. Additional defaults included waste and failure to pay property taxes. On October 27, 1992, Schultz served written notice on Daryl and Becky and Audrey Jibben (Jibben), as assignee, advising of the default, accelerating the balance of the contract, and requiring the balance within thirty days.

Schultz commenced an action to foreclose all of their interests in the property. Jibben counterclaimed against Schultz for equitable adjustment of the contract under SDCL 21–50–2 and cross-claimed against Daryl and Becky for the balance due on the note. The circuit court granted Schultz's Motion for Judgment on the Pleadings on the basis that SDCL 21–50–2 had been repealed and equitable adjustment was not a remedy or defense available to Jibben. Jibben appeals.

**Whether an assignee of contract for deed buyers may assert the statutory remedy of equitable adjustment after its repeal.**

On October 8, 1982, when Daryl and Becky borrowed $25,000.00 and executed an Assignment of Contract for Deed, SDCL 21–50–2 provided:

> *The court in such actions shall have the power to equitably adjust the rights of all the parties thereto,* but it shall not be necessary in such actions, to entitle the plaintiff to a judgment, that proof be made on the trial of an offer or tender of performance, where such offer is made in the complaint and the proof shows that the plaintiff is able and willing to fully perform the terms of the contract sought to be foreclosed at the time of trial. (Emphasis added.)

SDCL 21–50–2 was repealed however, effective July 1, 1992, prior to Daryl and Becky's default and the commencement of this action.

It is general basic law that the effect of the repeal of a statute, where neither a saving clause within the repealing statute itself nor a general saving statute exists to prescribe the governing rule for the effect of the repeal, is to destroy the effectiveness of the repealed act in futuro and to divest the right to proceed under the stat-

ute which, except as to proceedings passed and closed, is considered as if it had never existed.

. . . .

Thus, it can be said that the general rule is that the repeal of a statute cancels an action brought pursuant to that statute unless the action is permitted to survive by the operation of a saving clause or by the vesting of a right under the statute.

*State Highway Comm'n v. Wieczorek*, 248 N.W.2d 369, 372–73 (S.D.1976) (citation omitted); *Vail v. Denver Bldg. & Const. Trades Council*, 108 Colo. 206, 115 P.2d 389, 391 (1941). *See also* 82 C.J.S. § 437 ("As a general rule the repeal of a statute imposing a liability, by a subsequent act containing no saving clause, operates to release all liabilities incurred under the repealed statute where no proceedings have been commenced to enforce such liability ... unless vested rights have been acquired under the statute prior to its repeal.")

Since no saving clause is included in this repealing act, we must determine whether South Dakota's general saving statute, SDCL 2–14–18, applies. SDCL 2–14–18 provides:

The repeal of any statute by the Legislature shall not have the effect to release or extinguish any penalty, forfeiture, or *liability incurred* under such statute unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability. (Emphasis added).

According to this saving statute, the repeal of SDCL 21–50–2 does not release any penalty, forfeiture, or *liability incurred*.[1] *See Colorado v. Montera*, 195 Colo. 118, 575 P.2d 1294 (1978) (holding that Colorado's general saving clause, which is very similar to SDCL 2–14–18, "has no application to acts other than those which relate to a penalty, forfeiture or liability *incurred* under a repealed statute." (Emphasis in original.) *Colorado v. McMillin*, 150 Colo. 23, 370 P.2d 435 (1962) (holding that the repeal of a statute does not bar actions commenced after the repeal *if predicated on liability which accrued when the act was in force*).[2] Since Schultz had not incurred a liability before Daryl and Becky defaulted, the general saving statute has no bearing on this case. *Compare Wieczorek*, 248 N.W.2d at 376 ("[W]here a statute gives rights of action upon grounds of public policy, no vested rights as to the continuance thereof are conferred and a general saving statute does not operate to permit the right of action to continue or survive.") Therefore, SDCL 2–14–18 does not apply and the trial court was correct.

Jibben also argues that the repeal of SDCL 21–50–2 constitutes a change in substantive law and therefore should not be applied retroactively. "The general rule is that newly enacted statutes will not be given a retroactive effect unless such an intention is plainly expressed by the legislature." *Dahl v. Sittner*, 474 N.W.2d 897, 901 (S.D. 1991) (citations omitted). Statutes which merely affect a remedy or procedure however, as opposed to substantive [law], are given retroactive effect.[3] *Lyons v. Lederle Labs.*, 440 N.W.2d 769, 770 (S.D.1989).

82 C.J.S. § 440 (emphasis added).

1. " '[P]enalty, forfeiture, or liability' have been restrictively interpreted to apply only to criminal matters, tax matters, creditor's rights, liens, performance bonds, and forfeitures." *Wieczorek*, 248 N.W.2d at 373.

2. The specific purpose of saving clauses is to preserve preexisting rights, and on repeal of a statute a saving clause or general saving statute preserves rights and liabilities which have *accrued* under the act repealed.

. . . .

A saving clause whereby the right of some person or of the state is reserved must be strictly construed and will not be held to embrace anything not fairly within its terms.

3. This is a difficult area of the law unless one distinguishes substantive law from substantive rights. *See West v. John Morrell & Co.*, 460 N.W.2d 745, 748 (S.D.1990), Sabers, J. and Miller, C.J., concurring in result ("The test is whether the change in the statute constitutes a change in substantive law (as opposed to procedural law) and not whether a change in the statute affects the substantive rights of the parties. Obviously, the substantive rights of the parties will always be affected—or else the issue would not be litigated in the first place.").

We find that, under *Lyons v. Lederle Labs.*, the repeal of SDCL 21–50–2 merely affected a remedy, the remedy of equitable adjustment, as opposed to substantive law. Therefore, it was proper for the trial court to apply the repeal immediately, prospectively, and even retroactively, as long as it did not affect vested rights or incurred liabilities. Accordingly, the circuit court's Order is affirmed.

MILLER, C.J., and WUEST and AMUNDSON, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

Although I agree with the result of this case, there contains a dissertation of law therein which appears to be totally unnecessary as the holding of the opinion is over.

I am referring to the last two paragraphs of this opinion beginning with the words "Jibben also argues that the repeal of SDCL 21–50–2 constitutes a change in substantive law and therefore should not be applied retroactively."

These last two paragraphs take the opinion "off course" and head it into an irrelevant discussion which muddies the legal water. In the end, the muddying of the water creates a "retroactive" quagmire.

In the *Lyons v. Lederle Labs* cite near the close of the opinion, it is written, "Statutes which merely affect a remedy or procedure however, as opposed to substantive [law], are given retroactive effect." Note the word "law" has been substituted for the word "rights"—the original term used in *Lyons*.

Footnote 3, which immediately follows, proclaims, "This is a difficult area of law unless one distinguishes substantive law from substantive rights." *Per this footnote, rights and law are not interchangeable terms.* The quote from Justice Sabers' "concur in result" in *West v. John Morrell & Co.* emphasizes the same: "The test is whether the change in the statute constitutes a change in substantive *law* ... and not whether a change in the statute affects the substantive *rights* of the parties." (Emphasis added.)

Overall, it strikingly appears: the *Lyons* and *West* cites are, in truth, *contradictory*. At a minimum, they are not compatible. As I previously noted, they are irrelevant and unnecessary. *State of Minn. ex rel. Hove v. Doese*, 501 N.W.2d 366 (S.D.1993), discussed retroactive application of statutes when compared to *Lyons v. Lederle*. The 3–2 decision in *Hove* held that a cause of action previously barred by the statute of limitations cannot be retroactively applied by subsequent legislation unless retroactivity is plainly intended and expressed by the Legislature. *State ex rel. Dotson v. Serr*, 506 N.W.2d 421 (S.D. 1993), completely relied on *Hove*. On March 7, 1994, the United States Supreme Court seemingly approved our holding by denying certiorari in *Dotson*. The case before us does not concern a statute of limitations, but does concern subsequent legislation, i.e., repeal of a statute. The instant case, perforce, does not erode *Hove*. Rather, it unnecessarily strengthens *Lyons*, which does *not* concern the repeal of a statute, but, concerns newly enacted statutes.

In *Hove*, 501 N.W.2d at 369, we expressed:

Where a statute limits the time during which a cause of action can arise, it abolishes the cause of action after the passage of time even though the cause of action may not have yet accrued. It is substantive. *Harding v. K.C. Wall Products, Inc.*, 250 Kan. 655, 831 P.2d 958 (1992).

We seemingly held contrary in *Lyons v. Lederle Laboratories*, 440 N.W.2d 769 (S.D.1989), when we cited authority from other jurisdictions for the proposition that statutes of limitation are remedial, not substantive. However, this Court has not abandoned the rule cited earlier in this writing that laws will have a retroactive effect only when such intention plainly appears. SDCL 2–14–21. Furthermore, the end result in *Lyons* was this Court refused to revive a cause of action which had been barred by the passage of time.

The majority decision holds that the cause of action is not affected by the savings clause.

Additionally, thanks to the final two paragraphs, the Bench and Bar of South Dakota (not to mention the general public) are told that statutes which affect substantive rights are not given a retroactive effect, but (per footnote 3) the effect on substantive rights is not the test. Contradiction births a quagmire.