Lenard **LIGHTLE, Appellant–
Third Party Defendant,**

v.

**HARCOURT MANAGEMENT CO., INC.,
Appellee–Third Party Plaintiff.**

No. 49A05–9304–CV–150.

Court of Appeals of Indiana,
Fifth District.

May 31, 1994.

Thomas E. Atz, Samper Hawkins Atz & Cook, Indianapolis, for appellant.

Steven K. Huffer, Mitchell Hurst Jacobs & Dick, Indianapolis, for appellee.

RUCKER, Judge.

This case involves a dispute over the payment of a bonus for work performed on a construction project. In response to a complaint filed by Lenard Lightle to collect the bonus, Harcourt Management filed a motion for summary judgment. The trial court granted the motion on the grounds that the action was time barred. Lightle now appeals raising a single issue for review: whether the trial court erred when it concluded that Lightle's claim for a bonus was barred by the statute of limitations.

We reverse.

In February, 1986, Harcourt Management hired Lightle as superintendent for construction of the Lions Creek Apartment complex located in Noblesville, Indiana. During the course of construction Harcourt Management decided to build a second apartment complex in Indianapolis, Indiana to be known as the Lions Gate Apartments. On July 9, 1986, Harcourt Management made Lightle two offers: (1) a 30% bonus [1] of savings realized if construction on the Lions Creek Apartments was completed at a cost less than the original budget, and (2) the position of superintendent for construction of the Lions Gate Apartments. Although initially reluctant to accept the superintendent job, Lightle ultimately accepted both offers. The parties did not discuss a date for payment of the bonus. Construction of the Lions Creek Apartments was finally completed in July, 1987 at cost savings of $1,213,504.00.

In January, 1990, two companies not parties to this action filed suit against Harcourt Management for payment of monies allegedly due for materials supplied in construction of the Lions Gate Apartments. In response, Harcourt Management filed a third party complaint against Lightle alleging that as superintendent of the Lions Gate Apartments project, Lightle was responsible for any sums allegedly due the companies and not paid. Lightle in turn filed a counterclaim against Harcourt Management for payment

---

1. We note that Harcourt Management does not concede that an offer of a bonus was ever actually made. Indeed, throughout its Brief Harcourt Management refers to the "alleged offer" and the "alleged bonus." However, apparently recognizing that a factual dispute over the existence of the offer would be inappropriate for summary disposition, Harcourt Management's motion for summary judgment was based on different grounds.

of the bonus due on the Lions Creek Apartments project. Harcourt Management then filed a motion for summary judgment contending the two-year statute of limitations for employment contracts not in writing barred Lightle's counterclaim. The trial court agreed and entered summary judgment in Harcourt Management's favor. Lightle now appeals.

When reviewing a grant of summary judgment, our well-settled standard of review is the same as it was for the trial court: whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Montgomery County Farm Bureau Co-op Ass'n v. Deseret Title Holding Corp.* (1987), Ind.App., 513 N.E.2d 193, *reh'g denied.* We must consider the pleadings and evidence sanctioned by Indiana Trial Rule 56(C) without deciding its weight or credibility. Summary judgment should be granted only if such evidence shows that there is no genuine issue of material fact and the moving party deserves judgment as a matter of law. *Houin v. Burger by Burger* (1992), Ind.App., 590 N.E.2d 593, *trans. denied.* All evidence must be construed in favor of the opposing party, and all doubts as to the existence of a material issue must be resolved against the moving party. *Liberty Mut. Ins. Co. v. Metzler* (1992), Ind. App., 586 N.E.2d 897, *trans. denied.*

### I.

Lightle contends the trial court erred in entering summary judgment because the six-year statute of limitations for fraud rather than the two-year limitation period for employment agreements not in writing is applicable in this case. Lightle apparently recognizes that he has neither alleged nor proved fraud. Thus, he contends promissory estoppel is a species of fraud and asserts that elements of promissory estoppel exist here.

Lightle's argument lacks merit. In support of his contention that promissory estoppel is a species of fraud Lightle cites *Miller v. International Harvest Co.* (1987), 7th Cir., 811 F.2d 1150. However *Miller* stands for no such proposition. In that case Plaintiff Miller was induced to quit his job by a promise that he would receive a pension be-

ginning at age 55. When his employer reneged on the promise Miller sued on the theory of promissory estoppel. Because the suit was filed more than two years after the cause had accrued the trial court dismissed the action as time barred. In an apparent effort to avoid the effect of the two-year limitation period for employment agreements not in writing, Miller *asserted* "that under Indiana law conduct giving rise to a promissory estoppel is a species of fraud." *Miller* at 1151. The Circuit Court did not address the issue because Miller conceded that if his lawsuit also fell within the scope of the two-year statute of limitations then his action was time barred. Ultimately the court decided that the two-year limitation period was applicable in that case. *Id.*

Other than *Miller* Lightle cites no authority in support of his contention that promissory estoppel is a species of fraud. And our own research reveals no such authority. The doctrine of promissory estoppel is an equitable claim for relief and encompasses the following elements: 1) a promise by the promisor, 2) made with the expectation that the promisee will rely thereon, 3) which induces reasonable reliance by the promisee, 4) of a definite and substantial nature, and 5) injustice can be avoided only by enforcement of the promise. *First Nat'l Bank v. Logan Mfg. Co.* (1991), Ind., 577 N.E.2d 949. On the other hand fraud, either actual or constructive, involves elements of misrepresentation of a past or existing fact which is irrelevant to the application of promissory estoppel. *Id.* at 954.

In the case before us Lightle's complaint did not contain an allegation of fraud. Nor did Lightle designate any materials contemplated by Rule 56(C) establishing the existence of fraud. The trial court properly concluded that the six-year statute of limitations for relief against frauds was not applicable here. We find no error on this issue.

### II.

Indiana Code § 34–1–2–1.5 dictates in relevant part "[a]ll actions relating to the terms, conditions, and privileges of employment except actions based upon a written

contract ... shall be brought within two [2] years of the date of the act or omission complained of." The general rule in Indiana is that the statute of limitations begins to run at the time when a complete cause or right of action accrues or arises or when a person becomes liable to an action. *French v. Hickman Moving & Storage* (1980), Ind.App., 400 N.E.2d 1384. "It has been said that this rule is never questioned, but that the difficulty lies in determining when the cause of action is to be determined as having accrued." *Keilman v. City of Hammond* (1953), 124 Ind.App. 392, 399, 114 N.E.2d 813, 816, *reh'g denied, quoting* 54 C.J.S. Limitations of Actions, § 108, p. 9.

■ Lightle contends his cause of action could not have accrued until he made a demand for payment. According to Lightle, he never demanded payment waiting instead until all subcontractors had been paid and the Lions Creek Apartments in Noblesville had been completed. Harcourt Management counters that Lightle's claim was susceptible to demand in July, 1987, at which time construction on the Lions Creek Apartments in Noblesville was complete, the savings on the project determined, and Lightle admitted he was owed a bonus.

In support of his position that he was not due payment from Harcourt Management until he made a demand for payment, Lightle cites *Community State Bank Royal Center v. O'Neil* (1990), Ind.App., 553 N.E.2d 174. In that case O'Neil, an attorney, had an oral employment contract to perform legal services for the Community State Bank. O'Neil represented the Bank in a lawsuit that was dismissed with prejudice in 1985, after five years of litigation. One year later, in February, 1986, O'Neil submitted his bill for services. Shortly thereafter O'Neil resigned as the Bank's attorney and in late 1986 the Bank sued O'Neil to recover loans it had made to him. On May 1, 1987, O'Neil filed his answer and counterclaim alleging payment for legal services rendered and for which a bill had been submitted. The case proceeded to trial and judgment was entered in O'Neil's favor. On appeal the Bank argued, among other things, that the trial court erred when it concluded O'Neil's claim for attorney's fees

was not barred by the statute of limitations. The second district of this court determined the trial court did not err. In so doing the court cited Ind.Code § 34–1–2–1.5 and observed: "The act of which O'Neil complains is the Bank's failure to pay him for the Streets litigation. Logically, this failure could not have occurred until after O'Neil submitted his bill for payment. O'Neil was not due payment until he made his demand upon the Bank, and until the Bank refused payment, no breach of O'Neil's oral contract occurred." *Id.* at 177. Because O'Neil made demand for payment within the two-year statutory time period his claim was not time barred.

The rule embraced in *O'Neil* is not applicable here because unlike the plaintiff in that case Lightle never made a demand for payment. The logical extension of Lightle's argument that his claim could not accrue until after he made a demand for payment would effectively place his claim beyond the reach of any statute of limitations for an unwritten promise to pay money. As the court observed in *Scates v. State* (1978), 178 Ind.App. 624, 626, 383 N.E.2d 491, 493, "[T]he statute of limitations will not await the pleasure or convenience of the plaintiff."

However, having determined that *O'Neil* is not applicable in this case does not end our inquiry. We must still determine when the statute of limitations begins to run on an unwritten promise to pay money where there is no definite time for payment. A similar question was raised and decided in *Rees v. Heyser* (1980), Ind.App., 404 N.E.2d 1183, *reh'g denied.* In that case Heyser sued Rees for nonpayment of monies due based on a check dated December 26, 1968. The suit was filed June 12, 1975. Arguing the applicability of the six-year limitation period for contracts not in writing, Rees contended Heyser's claim expired December 27, 1974 and was thus time barred. On appeal, the first district of this court acknowledged that there was a lack of Indiana authority on the question of when the statute of limitations begins to run on an unwritten promise to pay money when there is no definite time for repayment. *Id.* at 1187. The court then reviewed the facts in the foreign jurisdiction

case of *Stromblad v. Wilderness Adventurer, Inc.* (1978), Okl.App., 577 P.2d 918 and observed:

> The [Oklahoma] court, after reviewing the record, determined that there was no evidence that the loan was payable on demand, and therefore, declared that the *applicable statute of limitations did not begin to run until a reasonable time for performance had lapsed.* Further, the court determined that the question of reasonable time is one to be determined by the trier of fact.... *We consider such a rule to be the proper manner by which to determine the statute of limitations in a situation where there is an unwritten promise to pay and an indefinite time for repayment,* and therefore, expressly adopt it to guide Indiana courts.

*Rees,* 404 N.E.2d at 1188 (emphasis added).

■ The foregoing rule is applicable to the facts in the case before us. Here there was an unwritten promise to pay a bonus but no definite time for payment. The earliest date on which payment could have become due was sometime in July, 1987, the exact date is not revealed by the record. It was in July of 1987, however, that construction of the Lions Creek Apartments in Noblesville was completed, savings on the project determined, and Lightle admitted he was owed a bonus. Thus, the two-year statute of limitations would have expired in or around July, 1989. The present action was filed on May 15, 1990, approximately ten months or so after the statute of limitations would have expired without the rule of reasonable time announced in *Rees.* Therefore, the question is whether ten months was a reasonable time for Harcourt Management to perform on the unwritten agreement, tolling the running of the statute of limitations for that time period. We cannot say as a matter of law that it was not. "[T]he question of reasonable time is one to be determined by the trier of fact." *Rees* at 1188. Accordingly, the trial court erred by entering summary judgment in favor of Harcourt Management on the basis that Lightle's claim was time barred. We must therefore reverse the trial court's judg-

ment and remand this cause for further proceedings.

Judgment reversed.

SHARPNACK, C.J., and RILEY, J., concur.