STATE of Indiana, Indiana Department of Natural Resources, Indiana State Personnel Department and Indiana State Budget Agency, Appellants–Defendants

v.

Felix HENSLEY, Jeff Atwood, Anthony Wilson and Max Jacobs, on behalf of themselves and all others similarly situated, Appellees–Plaintiffs

No. 03A01–9509–CV–289.

Court of Appeals of Indiana.

Feb. 27, 1996.

Pamela Carter, Attorney General of Indiana, Sabra A. Weliever, Deputy Attorney General, Indianapolis, for Appellants.

Gerald G. Angermeier, Jerry E. Prall, Jewell, Crump & Angermeier, Columbus, for Appellees.

## OPINION

ROBERTSON, Judge.

Appellant–Defendants State of Indiana, the Indiana Department of Natural Resources [DNR], the Indiana State Personnel Department and the Indiana State Budget Agency [collectively referred to herein as State] bring this interlocutory appeal of the denial of their motion to dismiss the proposed class action lawsuit brought by several Indiana Conservation Officers employed by the DNR. The State raises two issues, neither of which constitutes reversible error.

### FACTS

The pertinent facts are not disputed. During the 1990 legislative session, our General Assembly passed P.L.180–1990, an Act concerning the compensation of Indiana State Law Enforcement Officers, which read, in pertinent part, as follows:

(b) .., the superintendent of the state police department shall amend a pay plan:

\* \* \* \* \* \*

(2) that designates the pay classifications of an employee;

to provide a salary increase required by subsection (c).

(c) The annual salary received by an employee after June 30, 1990, shall equal the sum of:

(1) the annual salary received by the employee on June 30, 1990; plus

(2) three thousand dollars ($3,000).

(d) The increase provided in subsection (c) is in lieu of any:

(1) cost of living increases;

(2) merit increases; and

(3) upgrades to minimum salary levels.

*(e) The personnel department shall establish the same position classification plans and salary wage schedules (including overtime policies) for law enforcement officers of the law enforcement division of the department of natural resources that are established for law enforcement officers of the state police department.*

*(f) The SECTION expires July 1, 1991.*

(Emphasis added.) The State failed to implement subsection (e) and has failed to compensate State Conservation Officers at levels equivalent to State Police Officers.

The Conservation Officers filed the present lawsuit on December 8, 1994. The State filed the present motion to dismiss which the trial court denied. This discretionary interlocutory appeal ensued.

### DECISION

I.

*Effect of Expiration of Statute*

The State points out that P.L.180–1990 expired by its own terms on July 1,

1991, P.L.180–1990(f). Therefore, the State argues, any rights that may have accrued to the Conservation Officers under the Act have also expired and may not be enforced by the present action filed in 1994.

■■■ When interpreting a statute, the foremost objective is to determine and effect legislative intent. *Spaulding v. International Bakers Services, Inc.,* Ind., 550 N.E.2d 307, 309 (1990). Statutes must be construed to give effect to legislative intent, and courts must give deference to such intent whenever possible. *Indiana State Police Department v. Turner,* Ind.App., 577 N.E.2d 598, 601 (1991), *trans. denied.* Thus, courts must consider the goals of the statute and the reasons and policy underlying the statute's enactment. *Id.*

■■■ With respect to the effect of repealed statutes, it is well-settled that an express savings clause is not required to prevent the destruction of rights that accrued under statutes which are later repealed. Ind.Code 1–1–5–1 (Effect of Repeal; Savings Provision); *Medical Licensing Board of Indiana v. Ward,* Ind.App., 449 N.E.2d 1129, 1147–1148 (1983); *Hibler v. Globe American Corporation,* 128 Ind.App. 156, 147 N.E.2d 19, 26–27 (1958). If the legislature's intention to preserve and continue a right created under a statute which is later repealed is clearly apparent, the right will nevertheless be enforced. *Id.*

There is a dearth of authority on the effect of expired statutes. However, the United States Supreme Court held that the object of a general savings statute is to prevent the expiration of a temporary statute from cutting off the enforcement of the statute in relation to violations occurring before its expiration. *Allen v. Grand Central Aircraft Co.,* 347 U.S. 535, 554–555, 74 S.Ct. 745, 755–757, 98 L.Ed. 933 (1954). Moreover, the Colorado Supreme Court case of *State v. McMillin,* 150 Colo. 23, 370 P.2d 435 (1962) is especially persuasive. In *McMillin,* the Colorado legislature passed an emergency statute in the summer of 1958 in response to

a threatened grasshopper plague. The statute provided that the State Department of Agriculture could spray private land for grasshoppers and then recover from each landowner "his 'proportionate share of the costs' of the spraying operation." *Id.* 370 P.2d at 436. The statute became effective in July of 1958 and expired by its own terms on December 31, 1958. *Id.* 370 P.2d at 436, 437. Thus, the statute was in effect for only approximately six months, *Id.* 370 P.2d at 437. After the expiration of the statute, the State brought a lawsuit against a landowner who had not paid his share of the costs of spraying. The landowner defended that the State could not enforce the statute because the lawsuit had been brought after the statute had expired. The *McMillin* court applied a general repeal/savings statute similar to our I.C. 1–1–5–1 in holding that where an act expires by its own limitations, the effect is the same as though it had been repealed at that time. *Id.* (Citing 50 Am.Jur. 525 § 515). The *McMillin* court held:

> The act became effective in July of 1958. Under the construction urged by [the landowner], the state would have to conduct its spraying operations, determine and allocate its costs, make its demand for payment, and institute suit, all within six months time. We are persuaded that the right of action accrued to the state for the recovery of a proportionate share of the cost from a landowner when it undertook the spraying operations, and that suit therefore may be commenced at any time within the period of the general statute of limitations.

*Id.*

In the present case, the intent of P.L.180–1990 is apparent on its face. Subsection (e) plainly directed the the State Personnel Department to establish equivalent position classifications and salary wage schedules for Conservation Officers to those that were to be established for State Police Officers. The General Assembly surely anticipated that its directive would be implemented during the year the statute was to be in effect. After that, the statute could be dropped from the

books. The construction urged by the State is unreasonable. The General Assembly could not have sanctioned the result proferred by the State—that its failure to implement the statutory directive before the expiration of the statute relieved it from the responsibility of performing the statute's mandate.

The rights that accrued to the Conservation Officers under P.L.180–1990 were not destroyed by its expiration. Therefore, the trial court correctly denied the State's motion to dismiss.

## II.

### Statute of Limitation

Prior to the effective date of the amendment to Ind.Code 34–1–2–1.5, which will be discussed below, the employment agreements of State law enforcement officers, who were appointed or had entered into the performance of their duties pursuant to statute, were deemed to be written contracts and governed by the statute of limitation, now ten years, found in Ind.Code 34–1–2–2(6). *Indiana State Police v. Turner*, 577 N.E.2d at 600; *City of Terre Haute v. Brown*, Ind. App., 483 N.E.2d 786, 788 (1985). In fact, as recently as 1993, we noted, and held, that '[o]ur courts have consistently held that a duly appointed police officer, who had taken the required oath and entered into the performance of his duties as a policeman, has a valid written contract of employment ...' subject to the longer statute of limitations applicable to written contracts. *Gibson County v. State ex rel. Emmert*, Ind.App., 609 N.E.2d 1179, 1183 (1993), (quoting, *City of Indianapolis v. Sherman*, Ind.App., 409 N.E.2d 1202, 1207 (1980)). Thus, the Conservation Officer's cause of action under P.L. 180–1990 was originally governed by the ten-year statute of limitation for contracts in writing found at I.C. 34–1–2–2(6).

■ However, effective March 14, 1994, our General Assembly amended the two-year statute of limitations generally applicable to employment related actions to include:

All actions against the state of Indiana relating to the terms, conditions, and privileges of employment (including but not limited to, hiring, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) shall be brought within two (2) years of the date of the act or omission complained of. ...

I.C. 34–1–2–1.5(b). The State asserts that the present lawsuit accrued on the expiration of P.L.180–1990, July 1, 1991, and thus was time-barred by the application of the amended two-year statute of limitations when the lawsuit was filed December 8, 1994.

The State also makes an argument which it bases on the doctrine of legislative acquiescence to the effect that, despite the weight of the authority set out above, the two-year statute of limitations has always governed the employment contracts of police officers. We disagree.

■ When the legislature amends a statute, it is presumed that the legislature intended to change the law unless it clearly appears that the amendment was made only to express the original intention of the legislature more clearly. *Alvers v. State*, Ind. App., 489 N.E.2d 83, 88 (1986), *trans. denied*. We have no hesitation in concluding that our legislature, in enacting the 1994 amendment to I.C. 34–1–2–1.5, intended to change the well-settled law as established in the cases cited above.

■ The statute of limitation in effect at the time a lawsuit is commenced governs the action regardless of whether it lengthens or shortens the time allowed for bringing suit. *Kemper v. Warren Petroleum Corporation, Inc.*, Ind.App., 451 N.E.2d 1115, 1117 (1983). However, in order to avoid a harsh result, when the legislature shortens the applicable statute of limitations, affected persons are permitted a reasonable time after the enactment of the new statute to bring their lawsuit. *Id.* In *Kemper*, we held that a delay of over two years was unreasonable. *Id.* at 1118.

■ In the present case, the amendment to I.C. 34–1–2–1.5 which shortened the appli-

cable statute of limitations from ten years to two years became effective on March 14, 1994. The Conservation Officers filed the present lawsuit on December 8, 1994—less than nine months after the effective date of the amendment. In denying the State's motion to dismiss, the trial court entered a finding that the Conservation Officers had filed their action within a reasonable period of time after the enactment of the statutory amendment.[1] We agree.

Therefore, even assuming the Conservation Officer's action accrued when P.L.180–1990 expired, the action is not time-barred. Accordingly, the trial court correctly denied the State's motion to dismiss.

Judgment affirmed.

SHARPNACK, C.J., and NAJAM, J., concur.

---

1. In this type of situation, the findings of the trial court, while helpful, are merely advisory. *See* *Dague v. Fort Wayne Newspapers, Inc.,* Ind.App., 647 N.E.2d 1138, 1140 (1995), *trans. denied.*